JOHN HURLBURT v. LORENZO GREEN.

*Damages.　Taxes.　Proof of Residence.　Towns.*

Where the owner of a chattel distrained for taxes procures it to be bid off at the auction sale for himself, and appropriates it to his own use, he is entitled to recover, in an action against the collector for a wrongful taking, only what he was compelled to pay for the chattel, as that is the extent of the injury he sustained in consequence of the act of the defendant.

A town having set a man in the grand list and proceeded to tax him, takes upon itself the burden and responsibility of showing that he was a resident of the town and liable to be set in the list, if the right is questioned.

There is no intendment in favor of the town where a man is listed, in a case where it does not appear that he was listed elsewhere and the proof as to his residence is equally balanced between different towns.

TRESPASS AND TROVER to recover the value of a horse. Trial by jury, June term, 1868, Caledonia county, STEELE, J., presiding. Verdict for the defendant. Exceptions by the plaintiff.

The defendant admitted the taking and conversion of said horse, but claimed to be justified because he distrained it by virtue of tax-bills and warrants put into his hands as collector of school district No. 10, in the town of Waterford, and as collector of highway taxes of said town. Both of said taxes were made up from the list of the town of Waterford for the year 1866.

The plaintiff claimed that he was illegally listed in said town of Waterford, and that his residence was in the town of Danville.

The plaintiff's testimony tended to show that he had lived and made it his home in the town of Waterford for some years previous to and until the fall of 1864, when he moved with all his effects to the town of Woodbury, where he owned a farm.    That he continued to live on his farm in Woodbury until sometime in February, 1866.

No question was made on trial but that the plaintiff's residence, from the fall of 1864, until February, 1866, was legally in the town of Woodbury.

The plaintiff's evidence further tended to show that he sold his farm in Woodbury, and that sometime about the middle of March, 1866, he stored most of his household furniture at Woodbury, and took his wife, a bed, and what household furniture he could conveniently bring with one horse, and came to George Hurlburt's, his cousin, in Danville, where he hired his and his wife's board; that he left Woodbury permanently, with no intention of returning there to live, but with the intention of making a home elsewhere; that he furnished the room assigned him, out of the furniture which he brought with him; that he then told George Hurlburt that he should be gone from home some part of the time, but that they should probably want to thus board there until fall, and it was agreed that they might thus continue to board there. This was on the 19th of March, 1866.    The plaintiff engaged in no business in Danville, and took no steps to make a permanent home there.    On the 20th of March, the plaintiff went to Waterford and took his brother's sugar place to carry on at halves. He took none of his effects with him, except his horse, a few sugar tubs and a change of clothing.    He left his wife in Danville, and used to come there Saturday nights and stay with her over Sunday, and made no other contract for staying in Waterford before he was listed there.    He wife was not in the town of Waterford at all during sugaring, but continued to board in Danville until sometime in January, 1867, when the plaintiff moved to St. Johnsbury, where he now resides.    The plaintiff was at Danville on the first day of April, 1866, which was Sunday, having come from Waterford on Saturday, and returned to Waterford on Monday.    The plaintiff also offered testimony tending to show

that said horse was worth two hundred dollars, but the court ruled that as the plaintiff had admitted, on cross-examination, that he had procured a man to bid off said horse for him at the auction, if it went for less than two hundred dollars, and that said horse was so bid off at one hundred and seventy dollars, and went to the plaintiff's use, the measure of damages must be what the horse actually sold for, and excluded said testimony.

There was no testimony tending to show that the plaintiff in any way fraudulently influenced the sale of said horse, or that it did sell for any less because of the plaintiff's bids.

The testimony of the defendant tended to show that the plaintiff in his boyhood lived with his said brother in Waterford, and made his principal home there until he moved to Woodbury, and that his brother had become an invalid, and that the plaintiff worked for his brother in Waterford some part of the time in spring's work, but did not show that any contract was entered into before the plaintiff was set in said list, or that he worked under any contract as to time or place. The defendant's testimony also tended to show that when the plaintiff left Woodbury, he expected to carry on said sugar place of his brother, and that he did work for his brother, in all during the summer of 1866, about three months, and until his said brother died, but did not show that he ever engaged for any length of time, or at any particular price, and did not show that the plaintiff ever took his wife to Waterford to stay with him.

There was no evidence tending to show that the plaintiff in any way attempted to dodge or get rid of a tax in the town of Danville, but did in fact tell the listers of the town of Waterford that he supposed he should be taxed and was liable in Danville. The plaintiff testified that the town of Danville had never called upon him for a tax. He returned no list in Danville, and there was no evidence that he was listed there or anywhere except in Waterford, or was called on to return a list elsewhere.

The plaintiff's request to the court to charge the jury, and the charge in respect thereto, to which exception was taken, is given in full in the opinion of the court.

*W. A. Pierce*, for the plaintiff, maintained that the value of the horse at the time it was converted by the defendant, and not what it sold for at auction, should be the measure of damages. *Bates* v. *Hazeltine et al.*, 1 Vt., 81; *Waters* v. *Daines*, 4 Vt., 601; 1 Swift's Dig., 656. If the defendant failed to establish any material part of his justification by a fair balance of proof, the plaintiff is entitled to recover. Cases above; also *Downing* v. *Roberts*, 21 Vt., 441.

The burden of proof was on the defendant to show that the plaintiff's domicile was in Waterford on the first day of April, 1866. This was a material part of the defendant's justification. *Blood* v. *Sayre*, 17 Vt., 609; *Preston* v. *Boston*, 12 Pick., 7; *Freeman* v. *Kenney*, 15 Pick., 44; *Lyman* v. *Fiske* 17 Pick., 231.

*Jonathan Ross*, for the defendant.

The qualification made by the court, as to the burden of proof, was based upon sound law. Con. of Vt., Art. 9; Gen. Sts., 529, § 1. All taxable inhabitants of this state must have a residence somewhere. *Mann* v. *Clark*, 33 Vt., 55; *Abington* v. *North Bridgewater*, 23 Pick., 170. *There* they must be taxed.

The plaintiff was bound to give in his list in one town or the other, before April 10, 1866. Acts of Vt., 1864, No. 64, § 1.

Public policy requires that the requirements of the law should not be avoided by the adroit conduct of one of its tax-payers. It is the duty of the court to charge " as the facts of the case require." *Hazard* v. *Smith*, 21 Vt., 123; *Davis* v. *Strong et al.*, 31 Vt., 332.

The charge of the court on the question of damages is one of which the plaintiff can not with propriety complain. The jury found against the plaintiff on his fundamental right to recover. The question of damages does not enter into the case. *Mack et al.* v. *Snider*, 1 Aik., 104; *Brackett et ux.* v. *Moulton et al.*, 6 Vt., 411; *Fitzsimmons* v. *Southwick*, 38 Vt., 509. If this court should hold that the charge of the court below as to the question of residence was incorrect, and the question of damages should enter into the case, still we maintain the charge of the court in

relation to damages was correct. The rule in this case is sub-
stantially the same as in a score of others. · 2 Green. Ev., § 635,
§ 649, and notes; *Stewart* v. *Martin*, 16 Vt., 397.

The opinion of the court was delivered by

PIERPOINT, C. J. The decision of the county court as to the
rule of damages was clearly correct. The plaintiff having pro-
cured the horse to be bid off at the auction sale for himself, and
having appropriated him to his own use, is entitled to recover
only what he was compelled to pay for him, as that is the extent
of the injury he has sustained in consequence of the act of the
defendant.

The plaintiff requested the court to instruct the jury, " that the
burden of proof was on the defendant to prove that the plaintiff's
residence was in the town of Waterford on the first day of
April, 1866, and that it made no difference whether in point of
fact the plaintiff was listed in any other town or not; that the de-
fendant must show, by a fair balance of testimony, that the plaint-
iff's residence was in the town of Waterford, on the first day of
April, 1866, or the defendant could not recover."

" The court instructed the jury that the burden of proof was on
the defendant to show that the plaintiff was legally listed in the
town of Waterford for the year of 1866, but qualified the rule as
applied to the facts of this case, by telling the jury that, if they
were unable to find a balance of proof either way, and should
find the testimony equally balanced as to whether the plaintiff's
principal habitation was in the town of Waterford or Danville,
then they should give their intendment in favor of the defendant,
and bring in a verdict for the defendant, because it not appearing
that the plaintiff was listed in the town of Danville, or returned
any list anywhere, it is the policy of the law that every man
shall pay a tax somewhere; that the acts and evidence that indi-
cate the domicile may be equivocal and conflicting, so that if they
indicate two places equally as the domicile, then in said case, if
the plaintiff had given in his list in one town and not the other,
that choice would control; but as he did not, the jury should in

such case presume in favor of the town where he was in fact put in the list."

Upon the trial the defendant put in evidence of all the facts necessary to justify his taking the horse of the plaintiff, except evidence of the plaintiff's residence in Waterford on the first of April, 1866, and his liability to be listed there. On this point the defendant claimed that the plaintiff was a resident of Waterford. The plaintiff claimed that he was a resident of Danville, and not of Waterford. The burden of proof, it is conceded, is upon the defendant. The case standing thus, it will hardly be claimed, that the fact that the plaintiff was listed in Waterford, and the absence of all proof as to whether he was listed in Danville or not, would warrant the jury in presuming that the plaintiff's residence was in Waterford, and that he was properly listed there. That would be changing the burden of proof from the defendant to the plaintiff.

After the testimony on both sides is all in, it is supposed that the evidence on each side is exactly balanced by that of the other. It must be kept in mind that the issue is as to the plaintiff's residence in Waterford, and this the defendant must establish by a fair balance of testimony to entitle him to a verdict. When he has put in his evidence, the plaintiff puts in evidence that exactly balances or neutralizes it, so that there is no preponderance in favor of the defense; the defendant has failed to establish the necessary fact by a fair balance of proof, and must fail upon the testimony. The parties in fact stand just as they stood before the evidence was introduced, each upon his own claim, each has put in evidence in support of it, and the other has neutralized it, so that upon the evidence the jury are unable to find any fact. In this contingency the court tell the jury in substance that, as every inhabitant of the state is bound to pay a tax somewhere, and as it does not appear that the plaintiff had been listed in Danville or anywhere else, and as he had been listed in Waterford, they should presume that he was liable to be listed in Waterford, and bring in a verdict in favor of the defendant. This, we think, was error. It is in fact changing the burden of proof and making the question turn upon the fact of whether the plaintiff had been listed

elsewhere, and not upon the fact of whether he was rightfully listed in Waterford. The fact that a man has not been listed in a town where he ought to be, furnishes no reason for listing him in a town where he ought not to be, neither does any presumption arise therefrom in favor of the latter town.

The town that sets a man in the grand list and proceeds to tax him, takes upon itself the burden and responsibility of showing that he was a resident of the town and liable to be set in the list, if the right is questioned.

If the plaintiff had given in his list in Danville or any other town, it would have been a circumstance tending to show where he considered his residence to be, but it would not be conclusive; he might still be a resident, and liable to be listed as such, in another; but his omission to give in his list anywhere, can give no additional right to any town to list him.

We think the plaintiff was entitled to a charge substantially as he requested.

Judgment of the county court reversed and case remanded.