## WESTERN LAND & CATTLE CO. v. HALL.

*(Circuit Court, W. D. Missouri. January 7, 1888.)*

1. TROVER AND CONVERSION—RETURN OF GOODS CONVERTED—EFFECT TO BAR ACTION.
   The subsequent recovery or return of property wrongfully taken does not extinguish the right of action for the original wrongful taking: it only goes to the mitigation of whatever damages might otherwise be recovered, and demurrer on that ground will not lie.

2. SAME—DAMAGES—DEPRECIATION IN VALUE—EXPENSES OF RECOVERY.
   It was shown that between the time of the wrongful taking of certain cattle and their return, they had depreciated in value in the sum of $3,000; and further that plaintiff was compelled to pay bills, being necessary expenses in recovering the same, aggregating $2,500. *Held,* both these items were proper elements in the measure of plaintiff's damages.

At Law. Action in trover.

This was an action in trover by plaintiff, the Western Land & Cattle Company, against Simeon F. Hall, for the conversion of certain cattle. The declaration averred in substance that plaintiff was the owner of a herd of cattle valued at $15,000, and that, on or about December 27, 1884, the defendant wrongfully took and carried away 300 head thereof, with intent to convert the same to his own use. There was no prayer for the recovery of the market value of the property, but the declaration stated that plaintiff, in recovering and attempting to recover the cattle, was compelled to pay freight, feeding, and other charges thereon to the amount of $2,000; that it had been compelled to pay traveling and other expenses of its officers in the sum of $500; that it had been compelled

to employ legal counsel in and about the reclamation of said cattle, and to carry on suits in that behalf, at an expense of $600; that the cattle so taken when recovered had become depreciated in value by reason of such unlawful taking in the amount of $3,000. For all such damages a judgment was asked in the sum of $6,000. There was a demurrer on the general ground that the declaration did not state facts entitling plaintiff to recover.

*Frank Titus*, for plaintiff.

*Warner & Dean*, for defendant.

THAYER, J., (*after stating the facts as above.*) The demurrer being general, I am not specially advised of the objections to the petition intended to be urged, but I assume that the demurrer was designed to question the plaintiff's right to recover such damages as are claimed in the petition. The complaint shows, however, that the defendant wrongfully and ulawfully took and carried away certain cattle belonging to the plaintiff with intent to convert them to his own use. Inferentially the complaint also shows that the plaintiff ultimately recovered the cattle; such recovery of the property does not operate, however, to extinguish the right of action for the original unlawful taking. At most the return of the property merely mitigates the damages that would otherwise be recoverable, so that, in any event, plaintiff has a right of action if for nothing more than nominal damages, and a general demurrer will not lie, but must be overruled. *Sparks* v. *Purdy*, 11 Mo. 220; *Ewing* v. *Blount*, 20 Ala. 694. I would not be understood as intimating by the last remark that, according to the allegations of this petition, the plaintiff can only recover nominal damages; on the contrary, I think the petition shows that it is entitled to substantial damages, if the proof supports the averments. When property has been unlawfully converted, but has been regained by the true owner, the measure of damage has in some cases been held to be the market value of the same at the time of conversion, less the market value thereof at the time of the return. *Lucas* v. *Trumbull*, 15 Gray, 306; *Ewing* v. *Blount*, 20 Ala. 694; *Rank* v. *Rank*, 5 Pa. St. 211. The petition in this case shows that between the time of the taking and return of the cattle in question they depreciated in value in the sum of $3,000. This item would seem to be a proper element of damage. Furthermore, the rule is that a person whose property has been converted, and is afterwards regained, is entitled to recover for time necessarily spent, and other reasonable outlays incurred, in recovering it. *Vide Bank* v. *Leavitt*, 17 Pick. 1; *Ewing* v. *Blount*, *supra*; *McDonald* v. *North*, 47 Barb. 530; *Keene* v. *Dilke*, 4 Exch. 388; *Hurlburt* v. *Green*, 41 Vt. 490; *Baldwin* v. *Porter*, 12 Conn. 473. Now, in the present case the petition shows that plaintiff, for the purpose of regaining its cattle after they had been wrongfully taken, was compelled to pay bills for freight and feeding of the cattle, also certain traveling expenses of its officers, said to amount in the aggregate to $2,500. These expenses lessened the value of the cattle when recovered; they accordingly form one of the elements to be considered in estimating the actual loss occasioned

by the conversion; for, after all, in this class of cases it is the actual loss that is recoverable. The wrong-doer is to be charged, in the first instance, with the property when, and where converted; from that should be deducted the value of the property regained, less such reasonable expenses as were incurred in recovering it.

. . Upon the whole I have no doubt that the demurrer is without merit, and I accordingly overrule it.