### PURNELL et al. *vs* HOGAN.

1. A claimant of property, levied on, under execution, can not, in a proceeding to try the right thereto, interpose a mortgage of the property levied on, executed to himself, from the defendant in execution.

Error to Greene Circuit Court.

James Hogan, having recovered a judgment in the County Court of Tuskaloosa, against William Purnell, execution thereon was issued to the County of Greene, and levied upon four negro girls, slaves, and some other personal property, as of the estate of the defendant. This property was claimed by the oath of one Chapman, agent of Samuel, Stephen and Nancy Purnell; and on that claim, a trial of the right of property in the slaves was had, in the Circuit Court of Greene.

To support their claim, the claimants offered in evidence, a deed of mortgage, executed to them by the defendant in execution, for the slaves in question; but which deed the Court rejected. The ground of this rejection was not stated in the bill of

exceptions.   The jury having found the slaves sub-
ject to the execution, the claimant took a writ of er-
ror.

*Elliott* and *Shortridge*, for the plaintiff in error—
*Stewart*, contra.

THORNTON, J.—This cause comes before the
Court, by writ of error from the Circuit Court for
the County of Greene, being a trial of the right of
property, had pursuant to the statute in such case
provided, wherein the plaintiffs in error were claim-
ants, and the defendant in error, plaintiff in execu-
tion.   During the progress of the said trial, a bill of
exceptions was filed to the opinion of the Court, re-
jecting testimony offered by the claimants, and ad-
mitting testimony offered by the defendant in error.
The errors assigned question the legality of such re-
jection and admission.

That assignment, however, which related to the
admission of testimony on the part of the defendant
in error, is understood to be abandoned ; and the on-
ly question remaining, is as to the exclusion from the
jury of a deed of mortgage, purporting to have been
executed to the claimants, by the defendant in exe-
cution, which was the ground of the claimants' as-
serted right to the property, levid upon in the passes-
sion of the mortgagor.

It is wholly unnecessary, from the view which we
take of the case, to examine the various propositions
involved in the argument of this point at bar.   It
does not appear upon what legal considerations this

article of evidence was excluded from the jury; whether, as is supposed, on the one hand, because it was an unauthenticated copy of an inchoate instrument, or because, as is supposed, on the other, the Court undertook to determine, from the evidence adduced, in derogation of the rights of the jury, that the instrument was concocted in fraud and collusion.—Nor is it material to determine what influenced the determination of the Court; for the correctness of the reason given or imputed for a judicial opinion, is by no means an infallible test of the justness of that opinion. There may be, and often is a right opinion for a wrong reason. If the opinion be correct, no writ of error lies to the reasoning.

That the deed, which was offered in evidence by the claimants, as their only ground of title, was a deed of mortgage, is conceded; and this, of itself, was sufficient to exclude it from the jury. It has been expressly decided by this Court, upon a full view of all the authorities, that the interest of a mortgagee can not be interposed to hinder and delay execution of the property in possession of the mortgagor; but, that his equity of redemption is liable to be sold in satisfaction of his debts.

This principle, which we think decisive of the case, was settled by this Court, in *M'Gregor & Darling* vs *Hall*,[a] The judgment is affirmed.