## THOMPSON vs. THORNTON.

1. The grantor in a deed of trust who remains in possession of the personal property conveyed by it after default made, has not such an interest as is subject to be levied on by attachment, when the deed gives the trustee power to sell so much of the property as will pay the demands then due; and this, although only a portion of the demands secured is due and unpaid at the time of the levy of the attachment, and the property conveyed greatly exceeds in value the sum due.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. TURNER REAVIS.

DETINUE by Henry R. Thornton against James H. Thompson, for the recovery of certain negroes and other personal property, which the plaintiff claimed under a deed of trust executed to him, as trustee, by Albert G. Loftin, and which the defendant, who was the sheriff of Sumter county, had taken in attachment as the property of said Loftin.

The case was tried upon an agreed statement of facts, which is set out in the bill of exceptions. The deed of trust under which the plaintiff claimed was dated February 8, 1848, and was made to secure the payment of certain promissory notes due to one Samuel K. Bradford. The deed contains the following clause: "But in case the said Loftin shall fail to pay either of said notes at maturity, then the said Thorn-

ton shall, at any time after the expiration of thirty days from such default, on giving thirty days' notice of the time and place of sale, by advertisement posted upon the court-house door in the town of Livingston, expose to public sale, for cash, before said court house door, a sufficient quantity of said property, real or personal, as shall be sufficient to pay off, satisfy and discharge the amount due on said notes, at the time of such sale, and all costs and expenses thereon; and from time to time, as said notes fall due, and default is made in the payment of the same, the said Thornton shall, in like manner, and under the same restrictions, sell any or all of said property, real or personal, for cash, and apply the proceeds of such sale to the satisfaction and discharge of such sums as may be due on said notes," &c. " And it is agreed between the parties to this indenture, that the said Loftin shall remain in the peaceable and quiet possession of all the property herein conveyed, until such time as it may become necessary for the said Thornton to take possession of the same, to carry out the provisions of this deed."

"It was admitted that the transaction," in relation to the deed of trust, "was fair and *bona fide;*" that said Loftin retained possession of said negroes and other property conveyed by the deed, until April 17, 1850, when the defendant levied an attachment upon them at the suit of Boykin, McRae & Foster against said Loftin; that, at the time of the levy, the first one of the secured notes had become due and been paid, and a part payment had been made on the second, which was also past due, but the balance were unpaid; that the property conveyed by the deed was largely more than sufficient to pay the balance of the debts due at the time the action was brought.

Upon these facts, the question was submitted to the court, whether there was a leviable interest in Loftin at the date of the levy; and the court charged the jury, that there was not.

Wm. M. Brooks, for plaintiff in error:

1. The first question presented is, whether the interest of the grantor in a deed of trust of personal property, who remains in possession after default, is subject to be levied on by attachment. This court has decided, in several cases, that,

after default, the interest of the grantor, even though he be in possession, cannot be levied upon by execution. 4 Ala. 469; 5 ib. 771; 8 ib. 694; 19 ib. 723. The last three of these cases rest entirely upon the authority of the first, and for it no authority is referred to, nor any good reason assigned. These cases conflict with others, which lay down the rule generally, and without qualification, that where the gran tor in a deed of trust or mortgage is in possession of the property conveyed, his interest may be levied upon and sold. McGregor v. Hall, 3 Stew. & P. 397; Purnell v. Hogan, 5 ib. 192; Perkins v. Mayfield, 5 Porter, 182; Williams v. Jones, 2 Ala. 314; 12 ib. 547. The cases first cited seem to turn on the fact, that after default, and not before, the trustee or mortgagee is entitled to possession, and acquires the entire legal title. This fact was not considered a sufficient reason for so material a distinction in Gardner v. Morrison, 12 Ala. 547, in which it is held, that after default, a mortgagor in possession may convey to a second mortgagee such an interest as will enable him to maintain detinue. Besides, a mortgagee has the right of possession, before default, in all cases where it does not appear, by express stipulation or necessary implication, that the mortgagor shall remain in possession. 12 Ala. 547; 1 ib. 729; 13 Shep. 499; 12 Metcalf, 308; 2 Shep. 48. His right to the possession, then, is the same before default that it is after, in the absence of an express stipulation. There must, then, be a right of possession, as well as the fact, to authorize a levy before default; where that is the case, and there is a levy and sale, the purchaser acquires, not only the right of possession, but the equity of redemption. 19 Ala. 753; 8 ib. 706. It is not merely the possessory interest that may be levied upon. There is no greater virtue in a possession under a stipulation for it, to authorize the sale of the equity of redemption, than in a possession without such a stipulation, or after default; and, therefore, there is no reason why a levy should not be made as well after default, as before. 2 B. Monroe, 41; 1 Barb. 542.

But, even admitting that an *execution* could not be levied on an equity of redemption, accompanied by possession, after default, it does not follow that an *attachment* cannot; for they stand on very different grounds. An execution only goes

against the "goods and chattels;" an attachment runs against the defendant's "estate;" and every thing that can be included in the terms "estate," "property," "effects," "goods," "chattels," "money," and "land," may be levied upon by it. Clay's Digest, 199 § 1, 54 § 3, 55 § 6, 56 § 8, 57 § 11, 60 §§ 29, 33, 63 § 38; also Bouv. Law Dic. Titles, Estate and Property; Lyon v. Coburn, 1 Cush. 278. The attachment laws were intended to enable the creditor to reach everything belonging to his debtor.

2. At the time of the levy in this case, the property was largely more than sufficient to pay the entire debt secured; the grantor was in possession of it; and there was only a default as to the second instalment. By the terms of the deed, the trustee was prohibited from selling more than sufficient to discharge the default; and the grantor was entitled "to remain in peaceable and quiet possession of all the property conveyed, until such time as it should be necessary for the trustee to take possession." If the trustee only had the right to sell enough to pay the default, he could not take possession of all; and the grantor then had an interest in a part, which was subject to levy. It was the duty of the trustee to designate what part he would elect to sell; having failed to do this, and demanding all, he was not entitled to recover in this action at all. This does not conflict with the case of Magee v. Carpenter, 4 Ala. 469.

R. H. SMITH, contra:

The question in this case is settled for the defendant in error, by the cases of Hawkins v. May, 12 Ala. 673, and Fontaine & Dent v. Beers & Smith, 19 ib. 723. These cases are entirely consistent with the other decisions cited as adverse by the plaintiff's counsel.

The rights of Thornton to sue do not depend on the amount of the debt due, or of the value of the property. That is an inquiry for chancery. Bell v. Pharr et al., 7 Ala. 813.

To hold that an attachment could be levied on an equitable estate, which the execution, obtained as a consequence of that attachment, could not sell, would be to hold an anomaly in jurisprudence. It would be to make an inchoate right greater than a perfect one. Hale v. Cummings, 3 Ala. 398.

Thompson v. Thornton.

CHILTON, C. J.—The question involved in this case is, whether the grantor in a deed of trust, who remains in possession of personal property conveyed by the deed to a trustee, after default, and when the trustee has a right to sell so much of the property as shall pay the demands then due, has such an interest as is subject to be levied on by attachment. No question is raised as to the validity of the deed of trust; but conceding that it is valid, the counsel for the plaintiff in error insists, that, as only a portion of the demands secured by the deed was due and unpaid at the time of the levy of the attachment, and the property conveyed was worth greatly more than the sum thus due, and as the trustee could only dispose of so much as was sufficient to satisfy the sum due, the grantor in the deed was entitled to the possession of the residue, and, consequently, had such an interest as could be levied upon.

It is well settled by the decisions of this court, that the grantor in a deed of trust, or the mortgagor, before the law day or default of payment, in cases where such grantor or mortgagor retains the possession of the property, has such an interest as may be levied on and sold. McGregor & Darling v. Hall, 3 S. & P. 397; 5 ib. 192; 5 Por. 182; 2 Ala. R. 314; 12 ib. 547. But it is equally well settled, that, after the law day or default, such property is not subject to be levied on; for then the mortgagee has the right to enter, or in case of a trust deed, the trustee has the right to the possession of the property, and the right of the grantor or mortgagor is purely the right to redeem; an equitable right, which, being disconnected from the legal right of possession, is not subject to be levied on by legal process. See the cases of Magee v. Carpenter, 4 Ala. 469; Planters' & Merchants' Bank v. Willis, 5 ib. 771; Marriots & Hardesty v. Givens, 8 ib. 694; Fontaine v. Beers, 19 ib. 723. These cases are entirely reconcilable with the decisions previously referred to.

The case of Bell v. Pharr & Beck, 7 Ala. 813, is conclusive to show that the amount of the default and the disproportion between it and the value of the property does not affect the right of the trustee to recover, and cannot consequently confer the right upon the grantor to retain the property, or any portion of it, as against the trustee, or of the creditor to levy upon it.

The default goes to the whole property, and it is not for the grantor or any creditor of his to elect for the trustee which article of property he shall first sell. His right attaches to the whole, and converts the right of the grantor into an equity which is not the subject of levy at law.

The view of the law taken by the Circuit Court, conforms to that we have above expressed.

The judgment must therefore be affirmed.