Walker v. Wilkinson.

WATTS, JUDGE & JACKSON, for appellants.

ADAMS & HERBERT, *contra.*

---

## WALKER *vs.* WILKINSON.

[TRESPASS AGAINST SHERIFF FOR TAKING PERSONAL PROPERTY.]

1. *Who may maintain action.*—The owner of a chattel, having gratuitously loaned it to another, and reserved to himself the right to demand its restoration at any time, may maintain trespass against one who tortiously takes it from the possession of his bailee.

APPEAL from the Circuit Court of Chambers. Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Benjamin Walker, against Henry L. Wilkinson, to recover damages for the tortious act of the defendant, as sheriff of said county, in seizing and selling a mule under execution against one E. S. Meadows, who was the son-in-law of the plaintiff. The plaintiff proved on the trial, as the bill of exceptions shows, "that he loaned said mule to Meadows, to be worked in a wagon which Meadows was running, and to be used by him until called for by said plaintiff; that he called on a person who was then present, in the presence of said Meadows, to bear witness that the mule was only loaned to Meadows until plaintiff called for it, and that it was to be delivered up to him whenever he demanded or called for it; that no definite time was fixed, as to when plaintiff would call for it, or how long said Meadows should keep it; and that the loan was entirely gratuitous, nothing being paid or given by said Meadows to plaintiff for the use of said mule." It further appeared that, when the defendant levied on the mule in the possession of Meadows, the plaintiff had never demanded it of the latter. The court charged the jury, that if they believed the evidence, they must find for the defendant. The plaintiff excepted to this charge, and took a nonsuit; and he now assigns the charge of the court as error, and moves to set aside the nonsuit.

RICHARDS & FALKNER, for appellant.
ALLISON & BARNES, contra.

A. J. WALKER, C. J.—We understand the charge of the court in this case to be predicated upon the idea, that the lender of a chattel cannot maintain trespass for the taking and carrying it away while in the possession of his bailee. The law unquestionably is, that when a chattel is loaned, the bailor having a right to resume possession at any time, and having the general property in the thing loaned, which draws to it the constructive

possession, may maintain trespass for the asportation of the property by a wrong-doer.—1 Chitty on Plead. 169; Story on Bail. §§ 94, 279; 2 Saunders on Pl. and Ev. 861; Thorp v. Burling, 11 Johns. 285; Davis v. Young, 20 Ala. 151; Nelson v. Bondurant, 26 Ala. 341; Hall v. Goodson, 32 Ala. 277. The case of Davis v. Young, *supra*, asserts no principle adverse to the doctrine above stated. In that case, the plaintiff's right of possession was postponed by the terms of his conveyance to a day posterior to the commission of the trespass; and it differs from this in the fact, that the plaintiff had no right of possession at the time of the trespass, and the possession was not held by another for him as his bailee.

Nonsuit set aside, judgment reversed, and cause remanded.