[Fielns v. Williams.]

# Fields *v.* Williams.

*Trespass de Bonis Asportatis.*

1. *Conditional sale of personal property; what title will support tres-pass.*—When personal property is sold on time, the vendor retaining the title until the purchase-money is paid, but delivering possession to the purchaser; if the money is not paid on the day appointed, the purchaser afterwards holds as the bailee of the vendor, and has no interest in the property subject to levy and sale under execution (Code, § 2892); and if an execution against him is levied on the property, the vendor may maintain trespass.

2. *Measure of damages; restoration of possession.*—If the property has been voluntarily restored to plaintiff, or he has regained the possession before suit brought, the value of the property is not the measure of his damages, but he is entitled to recover, in the absence of aggravating circumstances, only compensation for the injury he has sustained: that is, where mules and a wagon were returned to him the day after they were taken, without any expense on his part, only the hire, or value of the use during the detention, and compensation for any injury done to the property; and where cows levied on are left in the possession of his bailee until the sale, and he himself becomes the purchaser at the sale, the amount bid and paid by him, with interest, is the measure of his recovery.

3. *Judgment against two or more.*—In an action against several joint trespassers, the judgment must be for a single sum against those who are found guilty, and it is error to render separate judgments for different sums; and when such separate verdicts are rendered, the plaintiff may either ask a *venire de novo*, or, before judgment is rendered on the verdict, enter a *nolle-pros.* as to all the defendants but one.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

This action was brought by B. R. Williams, against A. E. Fields and others, to recover damages for an alleged trespass; and was commenced on the 8th, January, 1889. The alleged trespass was the levy of an execution in favor of said Fields,. against one Fortenberry, on three cows, two mules and a wagon, which were at the time in the possession of said Fortenberry; the execution being issued on a judgment which Fields had recovered against said Fortenberry, on the 5th March, 1888,. in a justice's court, and levied on the 20th November, 1888. The cows were left by the constable in the possession of Fortenberry, but the wagon and mules were driven to Blountsville, a distance of about twelve miles, and were restored to Fortenberry's possession on the next day. The cows were

sold under the levy, and were bought at the sale by the plaintiff himself; and the evidence was conflicting as to whether notice was given at the sale that only Fortenberry's interest was sold. The property had been sold by plaintiff to Fortenberry, in January, 1888, he retaining the legal title until the purchase-money was paid; and the day appointed for the payment, November 1st, had passed before the levy was made. The constable who made the levy, and the sureties on the bond of indemnity given to him, were joined as defendants. The defendants pleaded not guilty, and justification under legal process. The jury returned a verdict against Fields for $82.60 damages, and against the constable for $20 damages, and in favor of the other defendants; and judgment was rendered according to the verdict.

The defendants requested numerous charges to the jury, and among them the following: (1.) "If the jury believe the evidence, they should find for the defendants." (2.) "When personal property is sold conditionally, and title reserved in the vendor until the purchase-money is paid, the property is the subject of levy and sale under execution against the purchaser, to the extent of his interest therein, while the same is in his possession and under his control; and if the jury believe from the evidence that only such interest as Fortenberry had in the cows was sold by the constable, and that the sale was made subject to plaintiff's interest in the cows, then plaintiff can not recover in this action on account of the sale." (3.) "If the plaintiff caused the cows to be purchased for himself at the sale under execution, and thus acquired possession of them, he can not recover in this action on account of the levy on said cows." (4.) "The measure of damages in this case, for the alleged trespass in levying on the cows, is the amount paid for them by plaintiff at the sale under the alleged levy." (5.) "The measure of damages in this case, on account of the levy on the mules and wagon, is the injury done to them by defendants, if any was done, together with such amount as the jury may conclude plaintiff was injured by being deprived of the possession of the same, if they find from the evidence that he was deprived of the possession." (6.) "Unless the jury find from the evidence that plaintiff was in the possession of the property at the time of the levy, then plaintiff can not recover in this action." (7.) "If the jury believe the evidence, they should find for the defendants."

The refusal of the charges asked, and the judgment of the court, are assigned as error.

INZER & WARD, and DICKINSON & HALL, for appellant.

[Fields v. Williams.]

LUSK & BILL, *contra.*

CLOPTON, J.—Fields, one of the defendants, having obtained judgment before a justice of the peace against Fortenberry, caused an execution issued thereon to be levied on the property in the complaint mentioned, for the wrongful taking of which the action is brought by Williams. This and other property was sold by plaintiff, January 10, 1888, to Fortenberry, for the sum of $281.50, who executed an instrument in writing, by which he agreed to pay the price by the first day of November, 1888. The instrument provided that the title to the property should remain in plaintiff until paid for. There being an express stipulation in the contract of sale, that the title should not pass until the property was paid for, the transaction was a conditional sale.—*Sumner v. Woods,* 67 Ala. 139.

The property having been delivered to Fortenberry under the contract of purchase, and being in his possession at the time of the levy, defendants requested the court to instruct the jury, that where personal property is sold, and title reserved in the vendor until the purchase-money is paid, it is subject to levy and sale under execution against the purchaser, to the extent of his interest in the property, while it is in his possession and under his control; also, that if a vendor, making a conditional sale of personal property, retaining title in himself until paid for, surrenders the property into the possession of the purchaser, he can not maintain an action of trespass for injury to the property while in the possession of the purchaser.

The execution was levied November 28, 1888, after the time agreed on for the payment of the price had elapsed. The essence of the action of trespass for the wrongful taking of personal property being the injury to possession, unquestionably, the plaintiff, in order to maintain the action, must show possession, actual or constructive, at the time of the commission of the wrong. If it were conceded that the contract of sale and delivery of possession thereunder impliedly conferred on Fortenberry the exclusive right of possession and enjoyment in the meantime, there can be no doubt that plaintiff had the right to resume possession at any time after the expiration of the period for the payment of the price, it being unpaid. Having the general property, which drew to itself the constructive possession—the general property and right to immediate possession at the time of the levy—plaintiff may maintain an action of trespass against defendants, if they tortiously took the property from the possession of Fortenberry, who was in such case his mere bailee.— *Walker v. Wilkinson,*

[Fields v. Williams.]

35 Ala. 725; *Boswell v. Carlisle,* 70 Ala. 244; *Jones v. Pullen,* 66 Ala. 306. For the same reasons, whatever interest the purchaser may have acquired under the contract of sale, expired with the period fixed for the payment of the price, and after that time he had no title, right or interest, which is subject to levy and sale under execution.—Code, § 2892.

The uncontradicted evidence is, that the cows levied on were not taken from the possession of Fortenberry, though sold under execution in December following, at which sale plaintiff bought them, at a sum greatly less than their value; and that the wagon and mules were driven to Blountsville, about twelve miles distant, and restored to the possession of Fortenberry during the next day. There was evidence tending to show that the mules were injured by immoderate driving, but as to this the evidence was conflicting. On this evidence, defendant asked separate charges as to the measure of damages for levying upon and selling the cows, and for the seizure of the wagons and mules. The general rule, that in actions of trespass the owner is entitled to recover the value of the property at the time of the trespass, with interest on such value, is applicable where he has been wholly deprived of it. When the owner has regained possession before instituting suit, the value is not the measure of damages. In such case, he is regarded as the owner, who has been temporarily deprived of its use; and in the absence of aggravating circumstances, he is entitled to recover only the damages which he may have sustained by such wrongful deprivation, the necessary and reasonable expense, if any other than by suit, incurred in regaining possession, and, if the property has been injured, compensation for such injury—damages equal to the entire loss sustained. This rule is essential to full compensation and complete justice. Voluntary restoration of the property by the wrong-doer does not exempt him from liability for such actual injury as the owner has sustained. It does not go in bar of the suit, but in mitigation of damages only. This is the rule laid down in an action of trover in *Ewing v. Blount,* 20 Ala. 694, and is equally, if not more applicable, in actions of trespass.—2 Sedg. Dam. 526.

The evidence does not make a case justifying the allowance of vindictive damages. The wagon and mules having been returned to the possession of the plaintiff, and no expense having been incurred by him to regain possession, their hire, or the value of their use while deprived thereof, and compensation for the injury, if any, intermediate the trespass and restoration, is the measure of damages for the seizure and asportation of the wagon and mules. Also, the plaintiff having

[Fields v. Williams.]

procured the cows to be purchased by himself, at a sale under the execution, for less than their value, and not having been deprived of their use or possession at any time, he is not entitled to recover the value of the cows, but only the amount paid by him, with interest, from the time of the sale. This rule rests on the idea, that the sum paid, with interest, awards full compensation for the wrong.—Amer. & Eng. Encyc. of Law, 38; *Sprague v. Brown*, 40 Wis. 612; *Hurlburt v. Green*, 41 Vt. 490.

The charge, however, in respect to the measure of damages for levying on the cows, was probably calculated to mislead the jury as to the full measure of plaintiff's right of recovery. They would probably have understood from the terms of the charge, fixing the sum paid as the definite measure of damages, that interest was excluded from the estimate. But the charge respecting the measure of damages for levying upon and taking away the wagon and mules is not obnoxious to the same criticism. It asserts a correct general proposition, in terms broad enough, when referred to the evidence, to afford full and adequate compensation for all injury sustained by plaintiff, and meets the requirements of the law. It does not restrict the right of recovery to a definite sum, but leaves the ascertainment of the amount of damages to the discretion of the jury, as restrained only by the evidence. The charge should have been given.

Applying the foregoing principles, there is no error in refusing the other charges asked by defendants.

It should be remarked, that there is error in rendering separate judgments for different sums against the two defendants found guilty. In a suit against joint trespassers, the judgment must be for a single sum against the defendants as to whom a verdict of guilty is returned. If the jury assess several damages against two or more of defendants, the plaintiff may, at his election, have a *venire de novo*, or enter, before judgment is rendered, a *nolle-prosequi* as to all but one.—*Slade v. Street*, 77 Ala. 576.

Reversed and remanded.