# Jordan, Manning & Co. v. Wells, *et al.*

*Action of Trespass against Sheriff for alleged Wrongful Levy of Execution.*

1. *Sale of property; right of vendor to maintain trespass.*— Where personal property is sold, the vendor reserving the legal title until a mortgage executed by the purchaser to the vendor was paid, the seizure and sale of such property by the sheriff under an execution against the purchaser, after the mortgage debt was due and had not

been paid, is, as to the vendor, a wrong for which he can maintain trespass.

2. *Conditional sale of personal property; what title will support trespass by vendor.*—Where personal property is sold on time, the vendor retaining title until the purchase money is paid, but delivering possession to the purchaser, if the purchase price is not paid at the day appointed, the purchaser afterwards holds as the bailee of the vendor, having no interest in the property subject to levy and sale under execution, (Code, § 2892); and if an execution against the purchaser is, thereafter, levied on the property, the vendor can maintain trespass against the officer making the levy.

3. *Right of mortgagee to maintain trespass against a sheriff for levy of execution.*—Where, after the law day of a mortgage on personal property has passed, without the mortgage debt being paid, the mortgagees are entitled to the immediate possession of the property conveyed in the mortgage, and can maintain an action of trespass against a sheriff, who thereafter levies an execution against the mortgagor upon said property.

4. *Same; effect of exchange of property conveyed in the mortgage.*—Where, after the law day of a mortgage on personal property, the mortgagee and mortgagor agree that the property conveyed in the mortgage should belong to the mortgagee, who afterwards gives his permission for such property to be exchanged by the mortgagor for other personal property, the property received in exchange is the property of the mortgagee, and upon levy thereon of an execution against the mortgagor, the mortgagee can maintain trespass against the officer making the levy.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

The appellants brought the present action againt W. A. Elrod and M. G. Wells, sheriff, and the sureties on his official bond, for the recovery of damages for the wrongful taking of certain personal property, alleged to be the property of the plaintiffs. The suit was instituted on February 7, 1890. The defendants pleaded the general issue, and also set up by special plea that the execution, under which the levy complained of was made, was upon a judgment recovered by the defendant W. A. Elrod against W. S. Roden, and that the property was levied upon as the property of W. S. Roden. The facts of the case are sufficiently stated in the opinion. Upon the hearing of all the evidence the court gave the general affirmative charge for the defendants, and the plaintiffs duly excepted to the giving of said charge. There was judgment for the defendants. Plaintiffs appeal, and

[Jordan, Manning & Co. v. Wells *et al.*]

assign as error the giving of said charge for the defendant.

LUSK & BELL, for appellants.—1.  A stranger can not be permitted to question the validity of the sale of trust property.—*Brown v. Lipscomb*, 9 Por. 472; *Marston v. Rowe*, 43 Ala. 271. The only manner in which a stranger to the mortgage can question the sale of the property is by bill in equity, calling for an account and offering to pay any balance due thereon.—*Cain v. Gimon*, 36 Ala. 168.

2.  Even if Jordan, Manning & Co. had sold Roden the property, with the understanding that the title would not pass until he paid the purchase money, then no execution creditor could subject it to the payment of his debt.—*Fields v. Williams*, 91 Ala. 502; *Sumner v. Wood*, 67 Ala. 139; *Fairbanks v. Eureka Co.* 67 Ala. 109.

3.  If Jordan, Manning & Co. bought the property and paid for it by a credit upon the indebtedness of Roden to themselves, and the consideration was a reasonable one, then the mere possession of the property by Roden would not be fraudulent, and would be no defense to appellees.—*Pollak v. Searcy*, 84 Ala. 259; *Lehman v. Kelly*, 68 Ala. 192; *Crawford v. Kirksey*, 55 Ala. 282; *Pritchett v. Pollock*, 82 Ala. 169; *Boswell v. Carlisle*, 70 Ala. 244; *Sumner v. Wood*, 67 Ala. 139.

No counsel marked as appearing for appellee.

COLEMAN, J.—The appellants sued in trespass to recover damages for the alleged wrongful seizure and sale of personal property by the sheriff, by virtue of an execution issued upon a judgment recovered against one W. S. Roden.

In August, 1888, Roden executed a mortgage to plaintiffs on a mule and yoke of oxen. This mortgage became due in October, 1888. In June, 1889, he executed a second mortgage to plaintiffs, which became due in October, 1889, conveying a certain black mare and one yoke of oxen. The second mortgage declares that the mare was advanced to Roden by the mortgagees, and it is stipulated, "that they retain the title to all the property advanced by them, until this mortgage is settled." The judgment in this case was recovered in March, 1889,

[Jordan, Manning & Co. v. Wells *et al.*]

filed and recorded in the office of the judge of probate in April, 1889. The first execution issued 29th of March, 1889, and an *alias* on the 5th day of December, 1889, under which the levy and sale was made

If the mare was the property of the plaintiffs at the time of the execution of the second mortgage, and was sold by them to Roden, reserving the legal title until the mortgage was paid and the mortgage debt was past due and had not been paid, the seizure and sale by the sheriff was a wrong as to the plaintiffs for which trespass would lie. If we regard the instrument as showing only a conditional sale of the mare, the time of payment having transpired before the levy of the execution, Roden's possession was at the mere will of the plaintiffs. They had the right of immediate possession. It was so decided in the case of *Fields v. Williams*, 91 Ala. 502. Or if the second instrument be held to be a mortgage and not a conditional sale, the law day having passed, the mortgagees were the owners and entitled to the immediate possession, and in this capacity could maintain trespass.—*Dunlap v. Steele & Vandergrift*, 80 Ala. 424; *Boswell v. Carlisle*, 70 Ala. 244; *Nelson v. Bondurant*, 26 Ala. 341; *Davis v. Young*, 20 Ala. 151.

As to the ownership of the mare, the evidence tended to show that after the law day of the first mortgage, the mortgagor and plaintiffs agreed that the mule conveyed in the mortgage should be the property of the plaintiffs, and Roden agreed to hold it as their property. Subsequent to this time, Roden obtained permission from them to exchange the mule for the mare, and held the mare under this agreement as their property. If the mule by the agreement became the property of the plaintiffs, and with their consent, the mule was exchanged for the mare, certainly the mare was their property also. Whether any such agreement was made, was a fact for the jury.

The statute declares "a mortgage of personal property not valid, unless made in writing and subscribed by the mortgagor."—Code, § 1731. But there is no such provision as to sales of personal property. The court erred in giving the affirmative charge for the defendant.

Reversed and remanded.