# Hamilton & Canterbury *v.* Phillips Bros.

*Action on the Case against Purchaser of Property subject to Judgment Lien.*

1. *Judgment lien not lost by removal from county* —The lien of an execution or registered judgment, even though suspended as to property removed from the county, is still a potential lien thereon, and may, by means of an execution sent to the county to which the property has been removed, be effectuated as against *ad interim* purchasers for value without actual notice.

2. *Same; action for destruction of such lien; measure of damages.*—A plaintiff in execution or registered judgment can maintain an action on the case against a third person who purchases from the defendant property subject to plaintiff's lien, and who, by removing said property beyond the limits of the State destroys the power to effectuate the lien, notwithstanding such purchaser had no actual notice of the existence of said lien; and

in such action the measure of damages recoverable is the extent to which the plaintiff might have satisfied his execution or judgment out of said property, if it had not been so removed.

3. *Same; same; effect of prior mortgage on judgment lien; burden of proof.*—In an action on the case by a plaintiff in a registered judgment against a third person who purchased from the defendant in said judgment property subject to plaintiff's lien and removed said property from the State, where it is shown by the defendant that at the time he purchased said property it was subject to a *bona fide* and valid mortgage which was prior to plaintiff's lien, the recovery is limited to the extent the property removed from the State exceeded in value the amount due on the prior mortgage; but to so limit the damages recoverable upon plaintiff making out a *prima facie* case for recovery of the full value of the property, the burden is upon the defendant to show with certainty how much of the value of the property was not diverted from the satisfaction of the mortgage lien, but was properly applied to the payment of the superior mortgage lien.

APPEAL from the City Court of Gadsden.

Tried before Hon. JOHN H. DISQUE.

This was an action on the case, brought by the appellants against the appellees to recover damages for the purchase by the defendants of property on which the plaintiffs had a lien. The complaint averred that on April 12, 1894, the plaintiff recovered a judgment in the circuit court of St. Clair county, Alabama, against one D. O. Palmer, a resident of St. Clair county, for one hundred and five and 56-100 dollars, together with the costs of said suit, which said judgment was, on April 26, 1894, duly certified by the clerk of the circuit court and filed in the office of the judge of probate of said county, and duly recorded in the office of said judge of probate in a book kept for the purpose of recording judgments and decrees, and that on April 28, 1894, execution was duly issued on said judgment and delivered to the sheriff of said county, and other executions were regularly issued on said judgment and delivered to the sheriff of said county, without the lapse of an entire term of the circuit court; that by the certified record of the judgment and by the delivery of the executions on the judgment, a lien was created in favor of the plaintiffs on all the property

belonging to said D. O. Palmer subject to levy and sale in said county. The complaint then averred that the defendants, with knowledge of said lien, in October, November, and December, 1895, wrongfully purchased and received from said D. O. Palmer, three bales of cotton of the value of one hundred and fifty dollars, upon which cotton plaintiff's said lien at that time existed, and removed or caused the same to be shipped out of the State, and thereby deprived plaintiffs of the enforcement of their lien by levy and sale of said cotton. The defendants pleaded the general issue, and the following special plea: "2d. That when defendants bought said cotton from said Palmer, both Palmer and the cotton were in Gadsden, Etowah county, Alabama, and the sale was made at this place, and defendants bought and paid for the cotton in good faith, without knowledge or notice of plaintiff's judgment, or claim, and said cotton was shipped out of the county of Etowah, and out of the State of Alabama before defendants had any knowledge or notice of plaintiff's judgment, and said judgment was never of record in the probate office of Etowah county at any time while said cotton was in said county, and execution was never in the hands of the sheriff of said county at any time while said cotton was within said county." To this plea the plaintiffs demurred upon the ground that the plea was not responsive to the plaintiffs' complaint, that it sought to set up an immaterial issue, and it averred no facts by which plaintiffs had lost their lien. This demurrer was overruled, and the cause was tried upon issue joined upon both of the pleas.

On the trial of said cause, the plaintiffs introduced evidence which proved the allegations of their complaint. It was shown that the cotton was purchased by the defendants in the city of Gadsden, in Etowah county, but each of the members of the firm of Phillips Bros. testified that at the time of purchasing the cotton they had no actual knowledge of the plaintiffs' alleged lien. Upon the cross-examination of D. O. Palmer as a witness, he testified, against the objection and exception of the plaintiffs, that at the time of the purchase of the cotton by the defendants there was a mortgage on said cotton, which he, the witness, had given to H. C. McBrayer; that this mortgage was not for the full amount for which

[Hamilton & Canterbury v. Phillips Bros.]

the cotton was sold to the defendants; and that he took part of the money paid to him by the defendants and applied it to the payment of the mortgage.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendants, to the rendition of which judgment the plaintiffs duly excepted. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

M. M. MILLER, for appellants, cited, *McMahan v. Green*, 12 Ala. 71; *Newcombe v. Leavitt*, 22 Ala. 631; *Atkinson & Turner v. James*, 96 Ala. 214; *Hussey v. Peebles*, 53 Ala. 432; *Lomax v. LeGrand*, 60 Ala. 537; *Rees v. Coats*, 65 Ala. 256; *Grant v. Steiner*, 65 Ala. 199; *Hurtz & McWhorter v. Bell*, 72 Ala. 336; *Aderholt v. Smith*, 83 Ala. 486; *Reynolds v. Collier*, 103 Ala. 245; *Decatur Charcoal & Chemical Works v. Moses*, 89 Ala. 542.

DORTCH & MARTIN, contra, cited, *Newcombe v. Leavitt*, 22 Ala. 631; *Hill v. Slaughter*, 7 Ala. 632; Code, § 2894.

McCLELLAN, J.—The city court erred in overruling the demurrer to defendants' second plea. It is immaterial whether a judgment or execution lien is suspended in a sense as to property removed from the county or not. Whether so or not it is still a potential lien, and may be effectuated as against *ad interim* purchasers for value without actual notice through an execution sent to the county to which the property has been removed. *Street v. Duncan*, 117 Ala. 571. And if the right and power thus to effectuate the lien is destroyed or lost through the act of a third person in purchasing the property from the defendant and removing it beyond the limits of the State, clearly the plaintiff in execution or registered judgment is thereby damaged to the extent that he might have satisfied his execution or judgment out of the property but for such removal, and may sue such third party and recover notwithstanding there was no actual notice of plaintiff's lien. In such case it would be obviously useless to issue execution to the sheriff of the county to which the property was removed since it

is no longer there and could neither be taken in satisfaction nor further affected in respect of the lien. The plea in question, therefore, set up nothing in bar of plaintiffs' action, and the demurrer to it should have been sustained.

With this plea out of the case, the judgment of the city court, trial being without jury, cannot be sustained on the evidence. If it be conceded that defendants' mortgage to McBrayer was a *bona fide* and valid one—a question we leave to the city court on another trial—the plaintiffs here were damaged by the defendants to the extent the value of the property they removed from the State was in excess of the amount due on the mortgage. That is the amount plaintiffs could have realized out of the property by levy and sale but for the conduct of defendants, and they are entitled, on the assumption stated, to a judgment for at least that sum. That the property was worth and actually fetched more than the mortgage debt is clearly shown by the evidence. How much more the evidence does not with certainty disclose; but plaintiffs having made a *prima faeie* case for the recovery of the full value of the property, it was upon the defendant to reduce the recovery by showing with certainty how much of the value of the property was not diverted from the satisfaction of the judgment lien, but properly went to the superior mortgage lien. Failing in this plaintiffs would be entitled to judgment for the full value of the property, not exceeding of course the sum secured by their lien. And so we might render judgment here; but believing that the ends of justice may be better subserved by another trial in the city court, we will remand the cause.

Reversed and remanded.