# Horton v. Hovater.

*Claim Suit.*

(Decided November 10, 1914.　66 South. 939.)

1. *Mortgages; Interest of Mortgagor; Equity of Redemption.*— Every mortgagor has, before foreclosure at least, an equity of redemption in the mortgaged property, existing independent of the terms of the contract, as an incident of all mortgages.

3. *Same; Purchaser at Execution Sale.*—Under subdivisions 2 and 3 of section 4091, Code 1907, a sale of the entire interest of the mortgagor in personal property under a mortgage reserving to the mortgagor the right of possession, carried not only the equity of redemption, but such right of possession; but where only the equity

of redemption is levied upon and sold, the purchaser acquires only such equity, although the sale be made before the law day of the mortgage, and the mortgage provides retention of possession in the mortgagor.

3. *Same; Right of Mortgagee.*—Under subdivisions 2 and 3, section 4091, Code 1907, a mortgagee of a mule, had no right of possession prior to the law day of the mortgage, where the mortgage provided retention of the property mortgaged in the mortgagor, and hence, the mortgagee could not recover from an execution purchaser of the equity of redemption, the reasonable rental value of the mule between the law day of the mortgage and the date of the levy.

4. *Same; Construction.*—The mortgagee is entitled to possession immediately upon the execution of the mortgage of the property conveyed therein, unless the mortgage contained the provision expressly or impliedly giving the mortgagor the right of possession.

5. *Execution; Property Subject; Mortgage Property; Equity of Redemption; Possession.*—Under subdivisions 2 and 3, section 4091, Code 1907, a mortgagor's equity of redemption in personalty may be levied upon and sold, either before or after the law day of the mortgage and at any time before foreclosure in equity or under the power of sale in the mortgage, which equity is the only interest of the mortgagor that may be sold under execution, unless the mortgage expressly or impliedly provides that the mortgagor shall retain the possession until default or conditions broken; under the latter circumstances, such right of possession is subject to levy and sale as an interest separate and distinct from the equity of redemption.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

H. H. Horton recovered a judgment against George F. McAllister, had execution thereon which was levied upon the equity of redemption of said McAllister, in two mules, it being further shown by the execution that the mules were in possession of defendant, and on which Jesse Hovater claimed to hold a mortgage. Hovater came in and propounded his claim, and on issue joined the court rendered judgment dismissing the cause and taxing claimant with the cost, and plaintiff appeals. Affirmed.

It was agreed between the parties that Horton had a valid subsisting judgment against George McAllister, with waiver of exemptions, and that execution legally issued thereon, and was placed in the hands of the sheriff for collection, and that the execution was in

all respects a legal execution, and that the same was regularly levied upon the equity of redemption of Mc-Allister in a certain mule named therein. It was further agreed that the claimant Hovater had, at the time of the levy of execution, a valid and subsisting mortgage which had not been paid or satisfied, executed December 23, 1912, and due November 15, 1913, covering the mule in question, which had been duly filed in the office of judge of probate. The judgment, execution, and the mortgage were made exhibits.

WILLIAM L. CHENAULT, for appellant. The equity of redemption in either lands or personalty may be levied on.—Sec. 4091, subds. 2 and 3, Code 1907. The equity of redemption includes the usufruct to the property, and one who levies on or buys at an execution sale of the equity of redemption also has a right to have, possess, use, own and control the property from the time of the sale to the law day of the mortgage. This we had a right to under the levy in this case. We had a right to sell under this execution, the hire or use of the mules until the 15th day of November, 1913. At that time, the purchaser had a right to pay off the mortgage and keep the mules, or he could turn them over to the mortgagee and pay nothing on the mortgage.—Code, sec. 4091 (3); *Turrentine v. Koopman,* 124 Ala. 211; *Harbinson v. Harrell,* 19 Ala.. 753; *Heflin v. Slay,* 78 Ala. 180; *Childress v. Monette,* 54 Ala. 317; *Lovelace v. Webb,* 62 Ala. 271; *Gassenheimer v. Moulton,* 80 Ala. 521; *Lewis v. McBride,* 57 South. Rep. 705.

TRAVIS WILLIAMS, for appellee. Unless there is something in the mortgage which provides to the contrary the mortgagee is entitled to the immediate possession of the mortgaged chattel.—*Ellston v. Root,* 133 Ala.

331. The right of possession and user in the mortgagor is a contractual right which must appear in the face of the mortgage. The equity of redemption is an equitable right which springs out of the law, and is a matter of course. The authorities cited by appellant in his brief, when carefully read, indicate clearly that our court recognizes the difference between an equity of redemption and the right of user; the following authorities are cited upon that point: 19 Ala. 753; 62 Ala. 271; 78 Ala. 180; 80 Ala. 521; 120 Ala. 177.

THOMAS, J.—Our statute (Code, § 4091, subds. 2, 3), in defining what right or interest, less than the absolute title, a defendant may have in personal property that is the subject of levy and sale under execution, limits it to an "equity of redemption" and to a "right to the possession [of the property] for his own life, the life of another, or any shorter period" other than a mere "right of possession acquired by a bona fide hiring."—Code, § 4091, subds. 2, 3.

Every defendant has in property which he has mortgaged before the foreclosure of the mortgage, at least an equity of redemption, as this is a right existing independent of the terms of the contract as an incident of all mortgages.—11 Am. & Eng. Ency. Law, 306.

This equity of redemption may be levied upon and sold either before or after the law day of the mortgage and at any time before it is foreclosed in equity or under the power of sale contained in the mortgage (*McGregor v. Darling & Hall,* 3 Stew. & P. 397; *Gassenheimer v. Molton,* 80 Ala. 526, 2 South. 652), and is the only right or interest that the mortgagor has in personal property which he has mortgaged that can be levied upon and sold under execution, unless the mortgage contains a clause or provision retaining, either ex-

[Horton v. Hovater.]

pressly or impliedly, in the mortgagor the right to the possession of the mortgaged property until default or condition broken, for without such clause or provision the mortgagee is entitled to the possession of the property even before the law day of the mortgage and immediately upon its execution (*Henderson v. Murphee,* 124 Ala. 225, 27 South. 405), thereby leaving in the mortgagor no leviable interest under the statute, except his equity of redemption (*McGregor v. Darling & Hall, supra;* Code, supra). In the event, however, that the mortgage does contain a clause or provision of the character mentioned, then, by virtue thereof, the mortgagor has a right to the possession of the property until the law day of the mortgage, which is, under the terms of the statute cited, such a right—a present right to the possession—as is the subject of levy and sale under execution (*Ivey v. Coston & Co.,* 134 Ala. 261, 32 South. 664; *Heflin v. Phillips,* 78 Ala. 180), and is an interest separate and distinct from his equity of redemption. Both of them jointly or either of them separately may therefore be levied upon and sold under execution.

Section 4091 of the Code further declares that:

"When any interest less than the absolute title is sold, the purchaser is subrogated to all the rights of the defendant, and subject to all his disabilities."

Consequently, when the whole or entire interest of a defendant in personal property that he has conveyed by mortgage is levied upon and sold before the law day of the mortgage, the purchaser, if the mortgage contains a clause reserving in the mortgagor the possession as mentioned, acquires, not only defendant's equity of redemption, but also his right of possession.—*Harbison v. Harrell,* 19 Ala. 753; *Gassenheimer v. Molton,* 80 Ala.

27 CA

526, 2 South. 652; *Marriott & Hardesty v. Givens*, 8 Ala. 706, 707.

When, however, only the mortgagor's equity of redemption is levied upon and sold (since such is a restrictive, as opposed to a general, levy) the purchaser acquires only such "equity of redemption," although the levy and sale be made before the law day of the mortgage, and although the mortgage contain a clause or provision retaining in the mortgagor the right to the possession of the property until default made or condition broken in the mortgage.—*Gassenheimer v. Molton*, 80 Ala. 527, 2 South. 652; *Davis v. Shipman*, 6 Ala. 32.

In the present case, an execution, issued upon a judgment obtained by the appellant, Horton, against one McAllister, was levied specifically upon the latter's "equity of redemption" (quoted from the levy) in one mule described in the levy, to which appellee, Hovater, filed affidavit and claim. On the trial of the right of property had on June 24, 1913, it appeared that said claimant, Hovater, had and held a mortgage on the mule duly executed by said defendant (McAllister) and recorded before the levy was made, but which was not due until November 15, 1913 (some five months, as seen, after the trial); and it further appeared that under the terms of said mortgage, which was introduced in evidence by the claimant, the mortgagor, McAllister (defendant in execution), was entitled to retain the possession of the property until the law day of the mortgage. The claimant, as seen, under his said mortgage, upon which his claim was predicated, owned neither the defendant's equity of redemption, which alone was levied upon, nor the right to the present possession of the mule, which right was not levied upon.—*Marriott v.*

[Horton v. Hovater.]

*Givens,* 8 Ala. 706, 707; *Ivey v. Coston,* 134 Ala. 261, 32 South. 664; *Purnell v. Hogan,* 5 Stew. & P. 192.

There was accordingly judgment for the plaintiff, but he appeals and complains that the court refused to permit him to prove the reasonable value of the hire or use of mule for the time between the levy and the time of the law day of claimant's mortgage. What we have already said sufficiently indicates that we are of opinion that the action of the court in this particular was entirely free from error, as the proof of the fact mentioned would have been immaterial to any issue in the case. It had no tendency whatever to prove the value of the equity of redemption, which alone was levied upon, but tended only to prove the value of defendant's right to the possession of the property until the law day of the mortgage, which right was not levied upon.—*Bingham v. Vandegrift,* 93 Ala. 285, 9 South. 280; *Gassenheimer v. Molton,* 80 Ala. 526, 2 South. 652; *Heflin v. Phillips,* 78 Ala. 180; *Harbison v. Harrell,* 19 Ala. 753. The value of an equity of redemption in property is the excess of the value of the property over and above the amount of the incumbrance.—*Hamilton & Canterbury v. Phillips Bros.,* 120 Ala. 181, 24 South. 587, 74 Am. St. Rep. 29.

We have discussed the only point urged in brief, which being determined adversely to appellant, the judgment appealed from is affirmed.

Affirmed.