(137 So. 308)

MOODY v. UNITED STATES FIDELITY & GUARANTY CO.

8 Div. 297.

Supreme Court of Alabama.
Oct. 29, 1931.

508

Bradshaw & Barnett, of Florence, for appellee.

**PER CURIAM.**

The appellant, Moody, instituted an attachment suit against Leech & Looney Brothers, a partnership, in aid of an action on promissory notes. The sheriff levied upon certain personal property, a ginning outfit and a truck, in the possession of the defendants. The defendants replevied the property by giving bond with the appellee, United States Fidelity & Guaranty Company, as surety.

The levy 'was made September 28, 1929. On March 7, 1930, a consent judgment was rendered against the defendants for the amount of the debt, and the property levied upon was condemned to the satisfaction of this judgment. On March 17, 1930, defendants notified the sheriff in writing that the gin property had been taken from them by superior title. On May 8, 1930, the sheriff returned the bond marked forfeited, and execution was issued against the surety on the

Wm. L. Chenault, of Russellville, for appellant.

replevy bond. The appellee, surety, thereupon filed a petition to be relieved of the forfeiture, upon the asserted ground that the gin property levied upon was subject in part to a conditional sales contract and in other part to a mortgage, both of which instruments were in default at the time of the levy, and that under them the property had been taken from the defendants in attachment.

A hearing was set and evidence taken, after which the trial court entered a judgment finding in agreement with the averments of the petition, declaring that the levy upon the gin outfit was void, quashing the execution, and setting aside the forfeiture on the bond. The truck was held to be subject to the levy, and no question as to it is involved on this appeal.

The evidence offered on the hearing shows that the conditional sales contract, under which a part of the gin outfit was sold to the defendants in attachment, was executed August 9, 1928, and recorded September 25, 1928. By its terms title was retained until payment of the purchase price, represented by two notes, the first of which matured November 1, 1928, and the second one year later, and a default in installment accelerated the entire amount due. This contract was assigned and transferred to P. H. Leech December 26, 1929.

The mortgage referred to was executed January 30, 1928, and recorded March 23, 1928. It secured an indebtedness maturing December 20, 1928, and covered a part of the gin outfit levied upon as well as the land upon which the gin was located. This mortgage was likewise transferred and assigned to said P. H. Leech, the date of such transfer being December 23, 1929. It appears that P. H. Leech foreclosed this mortgage and himself became the purchaser at the sale. The foreclosure deed bears date February 17, 1930.

As stated above, the trial court adjudged the levy on the gin property to be void, and, in support of that holding, appellee cites the case of Thompson v. Thornton, 21 Ala. 808, which says: "The question involved in this case is, whether the grantor in a deed of trust, who remains in possession of personal property conveyed by the deed to a trustee, after default, and when the trustee has a right to sell so much of the property as shall pay the demands then due, has such an interest as is subject to be levied on by attachment. * * * It is well settled by the decisions of this court, that the grantor in a deed of trust, or the mortgagor, before the law day or default of payment, in cases where such grantor or mortgagor retains the possession of the property, has such an interest as may be levied on and sold. * * * But it is equally well settled, that, after the law day or default, such property is not subject to be levied on; for then the mortgagee has the right to enter, or in case of a trust deed, the

trustee has the right to the possession of the property, and the right of the grantor or mortgagor is purely the right to redeem; an equitable right, which, being disconnected from the legal right of possession, is not subject to be levied on by legal process."

In the case of Lovelace v. Webb, 62 Ala. 271, this court referred to the fact that, prior to the Code of 1852, the equity of redemption even in land was not subject to levy and sale under execution at law.

But, in the case of Gassenheimer v. Molton, 80 Ala. 521, 2 So. 652, it is observed that irrespective of the statute both as to real and personal property, when the mortgage provided for possession in the mortgagor for a definite period, he had a valuable legal estate during such period which was subject to levy and sale under execution.

Since the Code of 1852, it has been provided by statute that the equity of redemption in either land or personal property is subject to levy and sale under execution.

The case of Thompson v. Thornton, 21 Ala. 808, related to a levy made in 1850, and therefore prior to the Code of 1852. That case applied the rule which we have shown existed prior to the Code. But, in the case of Gassenheimer v. Molton, supra, it was shown that the purpose of the statute was to subject a claim not otherwise then subject, and to include the equity of redemption in addition to the possessory right which may be secured to the mortgagor by the mortgage, continuing to the time of default, so that whatever equity of redemption which the mortgagor has before or after default (and, of course, before foreclosure) is subject to levy under execution. This is also pointed out by the Court of Appeals in the case of Horton v. Hovater, 11 Ala. App. 413, 66 So. 939.

But a different rule exists when property is sold under a conditional sale contract by which the vendor retains the title until the purchase money is paid. Under such circumstances the purchaser does not possess an equity of redemption. But if the contract provides for his possession until default, he has, until such default, a special property interest which may be sold under execution, but not so after default. Fields v. Williams, 91 Ala. 502, 8 So. 808; Jordan v. Wells, 104 Ala. 383, 16 So. 23; Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280.

Section 6188 of the Code provides for the levy of an attachment "on personal property of the defendant." We think that certainly extends the right to such interests in personal property as are subject to levy and sale under execution. Section 7806, Code.

The result is that the levy of the attachment on personal property, which the defendant had purchased under a conditional sale with title reserved in the seller and duly recorded, was, after default by him under its

510

terms, void and was properly quashed, but that the levy on personal property which he had mortgaged, but in which he had an equity of redemption, was not void but was justified by the statute.

Another principle important in this case is that when a defendant in execution or attachment executes a forthcoming bond and retains possession of the property, and pending such possession it is taken from him under a paramount title or lien, or valid judicial proceedings, without collusion or fraud, the bond is discharged in so far as there may be default thereafter in a return of the property. Bolling v. Vandiver, 91 Ala. 375, 8 So. 290; Watson v. Simmons, 91 Ala. 567, 8 So. 347; Moore Bros. v. Cowan, 173 Ala. 536, 55 So. 903; Fleming v. Moore, 213 Ala. 593, 105 So. 679; 23 C. J. 480.

■ If the defendant permits such paramount claimant to seize the property without judicial proceedings, the burden is upon him to show that such claim was paramount to the lien of the levy, and that he could not have resisted legal proceedings instituted against him for its recovery.

■ Since the court held that the evidence showed that the property was taken under separate claims and rights superior to the lien of the levy, and which claims defendants could not resist in judicial proceedings, and no fraud or collusion is shown, the court properly relieved the sureties from liability in execution issued upon a return of the forfeiture of the bond.

■ The statement made in Fleming v. Moore, 213 Ala. 592, 105 So. 679, 680, that, "The petition and supersedeas of execution" (meaning a petition to set aside and supersede sheriff's return of forfeiture on replevy bond) "are equitable in nature," does not mean, as appellant seems to construe it, that such a petition must be brought in equity. Nor is there merit in the contention that appellant was deprived of the right to contest the validity of the instruments relied upon by appellee in justification of defendants' failure to deliver to the sheriff. The hearing was for that very purpose.

■ Those cases cited by appellant to the effect that a surety is estopped from contradicting the terms of a replevy bond are not apt here. The assertion that the property was taken under paramount title, rendering defendants powerless to return the property, is not a contradiction of the terms of the bond.

We have treated the only questions insisted upon in brief. Finding no error, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.