## FOX v. PAINE.

1. The omission of a bankrupt to state the debt sued for, and the failure to notify the creditors of his application for a discharge, in the absence of circumstances evincing the intention to deceive, is not evidence from which fraud can be inferred.
2. The fact that the bankrupt, or any one for him, pays money or other thing to a creditor to induce him to withdraw objections to the bankrupt's discharge, does not render the certificate and discharge inoperative.

Writ of Error from the County Court of Mobile.

Assumpsit by Fox against Paine, to recover the amount of a promissory note, made by W. S. Paine & Co., payable to Judson & Hoppin, on the 8th July, 1837, and by them indorsed to Fox. The defendant pleaded that he was a discharged bankrupt, previous to the institution of the suit; to this the plaintiff replied, the discharge was void and inoperative, having been obtained by fraud, and without rendering a full and complete schedule of debts, owed by the bankrupt, and of his property, &c.

At the trial on this issue, the defendant gave in evidence his discharge as a bankrupt, by the decree of the district court of the United States for the southern district of Alabama. The plaintiff then produced a witness, who stated that he was a creditor of the defendant on the first May, 1842, and then had filed objections in writing to the discharge, according to the rules in such cases made and provided before the district court. These objections charged the defendant with frauds, and the allegation was verified by affidavit of the witness. The record of the district court, showing the objections was produced. Afterwards, on the 4th July, when the cause in bankruptcy came on to be heard, the objections were insisted upon, and came before the court for consideration; whereupon, in order to induce the witness to withdraw

his objections, the attorney of the defendant paid to the witness the amount of his debt, and the objections were accordingly withdrawn, after which the court rendered the decree for a final discharge. It was also in evidence, that shortly afterwards, the defendant paid and refunded to his attorney the sum so paid to the witness, and there was evidence tending to show the defendant's approbation of the course pursued by his attorney.

The record of the schedule exhibited by the bankrupt in his application for discharge, was produced, and the debt sued for in this action, was not therein mentioned, included, or in any way referred to.

On this state of proof, the plaintiff requested the court to charge the jury—

1. That the failure of the defendant to render in the debt due the plaintiff, and the failure to notify him of the application for discharge, was *prima facie* evidence of fraud, and put on the defendant the *onus* of explaining the omission to the satisfaction of the jury.

2. That this omission to insert the plaintiff's claim in the schedule, was fraudulent. These charges were refused.

3. That if the defendant, or any one for him, with his knowledge, offered money, or any valuable thing, to induce a creditor to withdraw objections to the discharge, and that the objections, in consequence of the offer, were withdrawn, the certificate and discharge were thereby rendered inoperative. This was refused as asked, but the court instructed the jury, if the discharge was procured by the fraudulent acts of the party, it was inoperative, and would not preclude the plaintiff from recovering his debt.

4. That the payment by the defendant to his attorney, of the money advanced under the circumstances stated, was a sanction of the act, and made the defendant responsible for the consequences of it. This was refused, and the jury instructed, that the defendant was under a moral obligation to refund, and his doing so did not prejudice him.

The plaintiff excepted to these several rulings of the court, and the same are now assigned as error.

Fox, *per se*, insisted—

1. The omission to render the debt in the schedule, and to notify the plaintiff, is a fraud on the bankrupt law. [Chapman v. Howard, 2 How. 202; Kennedy v. Kennedy, 2 Ala. R. 571; Van Arsdale v. Howard, 5 Ib. 596.]

2. The facts disclosed amount to a fraud on the creditors. [10 Vesey, 359; 1 Doug. 228; Ex parte Hill, 17 Vesey, 62; Holland v. Palmer, 1 B. & P. 95; Cooke's Bank. 468; Owen on B, 231.]

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. Although by the terms of the act of Congress, the applicant for discharge as a bankrupt, is required to set forth in his petition a list of his creditors, and their respective places of residence, as well as the sums due to each, yet this is permitted to be stated according to the best of the petitioner's knowledge and belief. It seems evident these requirements are to be construed as directory only, not merely from the latitude given by the act itself, but by reason of the great difficulty there is to comply with certainty and precision in all cases. The contract here sued on furnishes an apt illustration of the difficulties in the way of a debtor, who is required to ascertain only the person of his creditor. The note in this case, though binding on the defendant, in consequence of the partnership, may have been made by another person, and being negotiable will pass by indorsement to a stranger entirely unknown to the defendant. We think the omission to include the debt in the schedule, and the neglect to notify the creditor of the application, is not fraudulent in itself, nor in the absence of circumstances evincing the intention to deceive, is it evidence from which fraud may be inferred.

2. the other question involved must receive its answer by ascertaining what is the meaning to be given to the terms *any fraud* and *some fraud* as they occur in the 4th section of the act. The first seems to be used in reference to the power of the court to refuse the certificate, and discharge, but the last term occurs in connection with the effect to be given to the certificate and discharge, which

when *duly granted* is to be complete, unless impeached for *some fraud,* or wilful concealment by the bankrupt, of his property, or rights of property. Is it a fraud for the bankrupt to cause a creditor to withdraw his opposition to the bankrupt's discharge, by causing his debt to be paid?

The English act of Parliament of the 5 Geo. 2, ch. 30, contains in its 7th section provisions similar in some respects to our own, and directs the certificate shall be a full answer to a subsequent suit, unless the plaintiff in the action can prove the certificate was obtained unfairly and by fraud. Under this clause the decisions are numerous, that the payment of money, or any other thing, by the bankrupt, to a creditor, to induce him to consent to the allowance of a certificate, is a fraud on the act, which avoids the discharge. [Rabson v. Culze; 1 Doug. 230; Ex parte Butt, 10 Vesey, 359; Ex parte Hall, 17 Ib. 62; Holland v. Palmer, 1 B. & P. 95; Philips v. Dicas, 15 East, 248.]

The chief difference with respect to the creditors between the act of Congress and the act of 5 Geo. 2, ch. 30, is, that under the latter no certificate is to be allowed, unless four-fifths of the creditors, for not less than twenty pounds, shall consent in writing to the same. [2 Geo. 5, ch. 30, § 10, reduced to three-fifths, 49 Geo. 3, ch. 121, § 18, Cook's Bank. L, 45, 93.] The act of Congress, however, does not make the consent essential to the allowance of the certificate, but imposes on the creditors the obligation of filing their dissent in writing, at the hearing. To prevent the allowance of the certificate at that time, on the ground of dissent, a majority of the creditors who have then proved their debts, must dissent, and even then the bankrupt has the right to have it determined by a jury under the directions of the court, or by the court, whether the bankrupt has or has not made a full surrender of all his estate, as by the act required, and has, or has not, in all things conformed to the directions of the act.

In view of this difference in the principle of the enactments, it is difficult to say the decisions are applicable to the act of Congress. The creditor here is required to be active in expressing his dissent, and the mere fact that another creditor has been induced to withdraw his opposition, is not by itself a fraud on the act. We incline the more willingly to

this construction, because the question of actual fraud is at all times open under the clauses we have quoted, and if the creditor who is said to be silenced by the bankrupt was entitled to succeed in his opposition to the allowance of the certificate, there is little question that the evidence is attainable by other creditors, and thus the qustion of fraudulent practices, or of concealments, would be submitted to a jury, as it most probably would have been under the act, if the opposition in the first instance had proved effectual.

On the whole, we come to the conclusion, that the court properly refused to give the instructions asked by the plaintiff, and that there is no available error in those given.

Judgment affirmed.