# Jones v. Knox.

### Bill in Equity for Settlement of Guardian's Accounts.

*Bankruptcy; validity of discharge, as against creditor without notice.* — When a discharge in bankruptcy, regularly granted by a court whose jurisdiction had attached, is collaterally assailed by a creditor, on the ground that he had no notice of the proceedings, it will be presumed that notice by publication was duly given to the creditors ; and if the complaining creditor's name was not included in the schedule filed by the debtor with his petition, he cannot avoid the effect of the discharge, without averring and proving that the omission of his name was wilful and fraudulent.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. ADAM C. FELDER.

The original bill in this case was filed on the 23d June, 1869, by Edward N. Knox, an infant, who sued by his next friend, against Richard Jones and Smith Cullom, the sureties on the official bond of his deceased guardian, William Knox, and sought a settlement of the accounts of the deceased guardian. The letters of guardianship were granted by the probate court of Montgomery, on the 29th January, 1859. On the 29th June, 1868, the guardian made an annual or partial settlement of his accounts with said probate court, from which it appeared that there was in his hands on the 8th day of February, 1868, a balance of $10,535.06 due to his ward ; and a decree was rendered by said court, allowing the account as stated. The said guardian was declared a bankrupt, by the district court of the United States sitting at Montgomery, on the 26th February, 1868, and died before the bill in this case was filed. The bill alleged that he was insolvent at the time of his death, and that no letters of administration had been granted on his estate. A decree *pro confesso* was taken against the defendant Cullom. An answer was filed by the defendant Jones, in which he incorporated a demurrer to the bill for want of equity, and pleaded as a bar his discharge in bankruptcy, which was granted by the district court of the United States at New Orleans, on his own petition, on the 15th June, 1868. The chancellor overruled the demurrer, held that the defendant's discharge in bankruptcy was no bar, and, on final hearing on pleadings and proof, rendered a decree for the complainant ; but his decree was reversed by this court, on appeal, at its June term, 1871, and the cause was remanded. See the case reported in 46 Ala. 53.

After the remandment of the cause, the complainant amended his bill, by adding the following allegations: "Complainant further shows, that on the 24th day of February, 1868, the said defendant Jones filed his petition in bankruptcy in the district court of the United States at New Orleans, and was,

on the 15th June, 1868, by said court discharged as a bankrupt. But your orator charges, that the said bond, in complainant's bill mentioned, was not mentioned in the schedule filed by said Jones, as his schedule of liabilities, in said bankrupt proceedings; and that no notice of said proceedings was ever given to any person holding said bond, or to any person having any interest in the penalty or condition of said bond; and that said court had no jurisdiction to grant said discharge. And complainant further charges, that no notice of the pendency of said bankrupt proceedings was ever given to any person having any interest in said bond; and that complainant and all persons interested in said bond were, at the time of the application for said discharge, and from that time until now [have been], citizens and residents of the State of Alabama."

There was a demurrer to this amended bill, because it did not aver that the omission to include the bond in the defendant's schedule of liabilities was wilful and fraudulent; but the record does not show what disposition was made of the demurrer. The defendant Jones also filed an answer to the amended bill, denying its allegations as to the omission and want of notice, and pleading his discharge in bankruptcy as a bar. On the submission of the cause, no proof was offered to show notice of the proceedings in bankruptcy, except the discharge and the schedules accompanying the petition, in which the liability here sought to be enforced was not mentioned. On final hearing, on pleadings and proof, the chancellor found " the fact to be, that the bond was not included in the schedule of liabilities filed by Jones, and that no notice of the pendency of said proceedings in bankruptcy was given to any person interested in said bond, as required by law; " and he held that the discharge in bankruptcy was, for this reason, no defence in this case, and rendered a decree for the complainant. The final decree, with other matters which require no notice, is now assigned as error.

W. S. THORINGTON, with whom was S. F. RICE, for appellant. — 1. The mere omission or failure of a bankrupt debtor to include in his schedule a creditor's name or demand, not being wilful or fraudulent, does not invalidate his discharge, nor prevent the creditor from proving his debt. Bump on Bankruptcy, 3d ed. 395–6 ; *Payne* v. *Able*, 4 Bank. Reg. 67 ; James on Bankruptcy, 137–8 ; *Burnside* v. *Bingham*, 8 Metc. 75 ; *Brown* v. *Rhebb*, 1 Rich. 174 ; *Hubbell* v. *Crump*, 11 Paige, 310 ; *Fox* v. *Paine*, 10 Ala. 523 ; *Shelton* v. *Pease*, 10 Miss. 473 ; *Magoon* v. *Warfield*, 3 Iowa, 293 ; *In re Needham*, 2 Bank. Reg. 124 ; *Ex parte Tabbetts*, 5 Law Rep. 259 ; *In re Beardsley*, 1 Bank. Reg. 52 ; *In re Rathbone*, Ib. 65 ; *In re*

[Jones v. Knox.]

*McVey*, 2 Ib. 85; 16 Pittsburg L. J. 313; 18 Ib. 101; 59 Maine, 191; 7 Ky. 344; 19 Ohio, 219.

2. The jurisdiction of the court having attached, and the discharge being regular, it will be presumed that due notice to creditors was given by publication; and this was all the notice that was required. *Morse* v. *Godfrey*, 2 Story's R. 391; *Shawhan* v. *Wherritt*, 7 How. U. S. 627; *In re Wallace*, Deady's R. 432.

P. T. SAYRE, *contra.* — The discharge of Jones as a bankrupt is no bar to the plaintiff in this case, and cannot affect his rights, because he was not a party to those proceedings, and had no notice of them. The 11th section of the bankrupt law requires that two forms of notice shall be given; one by publication in a newspaper, and the other served personally, either written or printed. When these two things are done, but not before, a creditor becomes a party to the proceedings, and is bound by them. The creditor has the right to controvert the fact of bankruptcy; and in order to do this, he must be made a party. He has a right to prove his debt against the bankrupt estate; and in order to have an opportunity to do this, he must be notified of the proceedings. Bump asserts the proposition without qualification, that the decree binds those only who are made parties to the proceedings. Bump on Bankruptcy, 27, 29. See, also, *Barnes* v. *Moore*, 2 Bank. Reg. 174; *Terrell* v. *Allison*, 21 Wallace, 292.

It is a universal rule, that no one is bound by a judgment unless he is a party to it; the only exception being in admiralty proceedings, which are *in rem*, and binding on all persons who are interested in the thing itself. *Br. Bank* v. *Hodges*, 12 Ala. 121; *McCurry* v. *Hooper*, 12 Ala. 826; *Boykin* v. *Rains*, 28 Ala. 342; *Hunt* v. *Frowner*, 28 Ala. 593; *In re Farrell*, 5 Bank. Reg. 127. If a discharge in bankruptcy is equally binding on a creditor with or without notice, why require notice at all? If notice to one creditor can be dispensed with, why not dispense with notice to all, and allow the bankrupt to obtain his discharge on his own *ex parte* showing? A person cannot be deprived of his property without "due process of law," which requires notice. Cooley's Const. Limitations, 107, 356, 402.

PETERS, C. J. — The only question remaining in this case, yet to be settled, if the decision in *Jones & Cullom* v. *Knox* (46 Ala. 53) is to be adhered to, — and I see no sufficient reason for disturbing it, — is the question raised by the amended bill, which was filed in the court below after the cause was remanded upon the decision above referred to. This amendment

[*Jones v. Knox.*]

alleges, in effect, that the complainant, Knox, who is the appellee here, had no notice of the proceedings in bankruptcy, whether by publication in a newspaper, or by mail, in which the appellant, Jones, obtained the discharge on which he relies for his defence. This allegation of a want of notice is denied in the defendant's answer. The proof shows that Knox was not named as a creditor of Jones in his schedule or memorandum of his debts and creditors filed with his petition for his discharge, under the bankrupt law; and no actual notice, by mail or otherwise, is shown to have been given him. All that is shown by the bankrupt is his discharge, regularly and properly granted and certified.

As a general principle, it is well settled, when the proceeding is *in personam*, that a party will not be bound by a judgment of a court, in which he has not had such notice as the law requires to be given him, of the proceedings in which the judgment has been rendered. If no such notice is given, the party without notice is not brought within the jurisdiction, and, as to him, the judgment is void, and it may be collaterally impeached. 4 Pet. 466; 14 Pet. 147; 11 How. 437; 9 How. 336; 2 Pa. 502; 4 McL. 96.

There are two forms of notice directed by the bankrupt law to be given to the creditors of the petitioning debtor. The one is by publication in a newspaper, required to be made on warrant of the judge or register of the court in which the proceeding is commenced. The other is by notice sent by mail, or personally served, made on like authority. For each of these, forms are prescribed. B. L. § xi.; Bump, pp. 25, 333. Hence it will be assumed, on presentation of the discharge, that the notice by publication, being a necessary and regular step in the cause, had been duly given. Best Pres. Ev. p. 15. This clothed the court with jurisdiction of the matters alleged in the petition. This gave it jurisdiction of the right to try the bankruptcy of the petitioning debtor, and to grant him a discharge. The exercise of this power in this way is given by the act of congress, which that body had the most ample authority to pass, and to legalize the notice in this way, whether the notice reached the creditor or not. The notice by publication in a newspaper, on warrant or order of the court, was sufficient to call the jurisdiction of the bankrupt court into active operation. The court was thus clothed with authority to discharge the petitioning debtor, if no sufficient objection was shown against it. B. L. § 32; Bump, pp. 516, 517. A decree of discharge on such notice, if the court had jurisdiction over the subject-matter of the petition, and exercised it according to law, is conclusive, and cannot be impeached in a collateral proceeding, however irregularly the court may have proceeded.

In such a case, only a wilful and fraudulent omission to include the creditor's claim or demand in the schedules of the petitioning debtor will avoid the discharge. *Fox* v. *Paine*, 10 Ala. 523; *Symonds* v. *Barnes*, 59 Me. 191; *Burnside* v. *Bingham*, 8 Metc. 75; *Mitchell* v. *Singletary*, 19 Ohio, 219. Here, there is no allegation of such wilful and fraudulent omission, and no proof of such allegation. It therefore follows, that the objection to the discharge, as stated in the amended bill, and attempted to be supported by the evidence adduced, cannot be allowed. For this reason, the demurrer to the amended bill should have been sustained. The amended bill is without equity, and, unless it is properly amended, it should be dismissed.

The judgment of the court below is reversed, and the cause is remanded. The appellee's next friend, said Scott, will pay the costs of this appeal in this court, and in the court below.

