PUPKE *et al.* v. CHURCHILL, *Appellant.*

1. **Bankruptcy**: COMPOSITION: BAR TO ACTIONS. A composition agreement in bankruptcy which has been violated by the debtor, is not a bar to a recovery, by a creditor, on the original indebtedness.

2. —— : —— : ——. A composition agreement in bankruptcy, approved by the court and duly recorded, under the terms of which the defendant executed his notes to his creditors secured by a policy on his life, the agreement containing a clause that a failure to pay any note or the insurance premiums should, at the option of the creditor, work a release of the agreement, is not a bar to a recovery on the original indebtedness by a creditor who had refused to accept the composition note which had been deposited in court for him, where the insurance premiums were not paid by the debtor.

3. —— : ——. The notes given under such an agreement are not payments until they are actually paid.

4. —— ; ——. Proceedings in bankruptcy are deemed to be pending after the time allowed the bankrupt for the performance of the contract has expired.

5. ———— : ———— : CONCURRENT REMEDIES. The remedy given by the statute to enforce the composition in the bankrupt court is not exclusive, but merely cumulative.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*T. A. Post* for appellant.

*Henry E. Mills* for responaents.

BRACE, J.—This case is before us on appeal from the judgment of the St. Louis Court of Appeals, reversing the judgment of the circuit court, rendered in defendant's favor; the judgment of the court of appeals is affirmed on the grounds and for the reasons stated in the opinion of the court of appeals (16 Mo. App. 334), and this cause remanded to the circuit court of the city of St. Louis for further proceedings to be had therein in conformity with the opinion of said court of appeals.