## In Equity.

### ALMA TURNER *vs.* MICAJAH HUDSON.

### Piscataquis.    Opinion June 28, 1909.

*Bankruptcy. Composition has Effect of a Discharge. Discharge in Bankruptcy Cannot be Annulled by a State Court. U. S. Bankruptcy Act, 1898, sections 13, 14 c.*

1. In a case where a bankrupt offered, under the Bankrupt Act, a composition to his creditors, which was accepted by the creditors and confirmed by the bankruptcy court, it is *held* that so long as the order confirming the composition stands, it. has the effect of a discharge, and bars all remedies for the enforcement of claims by creditors, either against the debtor or his property.

2. When a debtor has been discharged from his debts on a composition in bankruptcy, a bill in equity by a creditor, charging that the debtor fraudulently concealed and omitted from his schedule of assets, filed in the bankruptcy court, money and property of his own which should have been included therein, and that the creditor relying upon the correctness of the schedules was induced thereby to accept the composition, does not lie, in the State court, at least, to reach the property thus concealed and omitted, and apply it to the payment of the creditor's claim.

3. A discharge in bankruptcy cannot be annulled nor disregarded by a State court. It must be attacked for fraud in its procurement in the Federal courts, if anywhere. And the same rule applies to fraud in the proceedings for a bankruptcy composition.

In equity. On exceptions and appeal by plaintiff. Exceptions overruled. Appeal dismissed.

Bill in equity brought in the Supreme Judicial Court, Piscataquis County. The bill of exceptions states the case as follows:

"This is a bill in equity brought by the plaintiff against the defendant wherein it is alleged that the said defendant did conceal from his creditors and did withhold from his schedule of assets, in bankruptcy property of great value which in equity belonged to his said creditors, and did after his discharge by the Court of Bankruptcy take to himself said withheld and concealed property, to the damage of said plaintiff who was, and is a creditor of said defendant, in

fraud of said plaintiff; and in said bill said plaintiff asks for relief from said court, and that said defendant account to her as such creditor for said property so withheld and concealed by him."

The defendant demurred to the bill, the demurrer was sustained, and the plaintiff excepted and appealed.

The case is stated in the opinion.

*J. S. Williams*, for plaintiff.

*Hudson & Hudson*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, SPEAR, KING, JJ.

SAVAGE, J. Bill in equity. The defendant demurred. The Justice of the first instance sustained the demurrer and dismissed the bill with costs. The plaintiff both excepted and appealed. Either would have been sufficient. It was not necessary to do both.

The plaintiff in her bill charges, in substance, that on Aug. 29, 1904, she was a creditor of the defendant, that he on that day filed his voluntary petition in bankruptcy in the proper Federal Court, with the required schedules of assets and liabilities, under oath, which schedules purported to contain a true and correct inventory of his property, and a full and true statement of his debts, and was adjudicated a bankrupt; that the plaintiff was named in the schedules as an unsecured creditor, and that she seasonably made proof of her debt; that subsequently the defendant offered a composition to his creditors, under the terms of the bankruptcy act, which was duly accepted by the requisite creditors in number and amount, and was confirmed by the bankruptcy court; that the plaintiff accepted the terms of the composition and received the percentage, and that she did so under the full and reasonable belief that the defendant's schedules of assets contained an accurate inventory of his property, relying upon, and being thereto induced by, the defendant's representations, statements, and inventory under oath as aforesaid; that the defendant, with the intent to cheat and defraud the plaintiff of the same, knowingly withheld, concealed and omitted from said schedules, a large amount of money and property, which was his own, and not exempt, to secure the same

for his own use and behoof, and which he has since taken and appropriated to his own use; that she was ignorant of the facts so charged as to fraud until a brief time before she filed her bill; and that she is willing to return the percentage received.

Upon these allegations, which for the present must be assumed to be true, the plaintiff claims that a trust has arisen in her favor in the property so fraudulently omitted from the bankruptcy schedules, and asks that the property may be applied in payment of her debt.

Several grounds of demurrer are suggested in argument, but we shall have occasion to notice only one. The plaintiff seeks to establish a trust for the payment of her claim, — a trust growing out of a fraud by which the acceptance of the offer of composition was procured. If the claim might be tenable under any circumstances, concerning which we express no opinion, it could only be upon the theory that her claim against her debtor is enforceable in some way, at law or in equity. If she has no enforceable claim against the debtor, she has none against his property, for the latter claim is founded upon the former. The alleged trust vanishes.

The bill shows a composition in bankruptcy accepted and confirmed. Section 14, c. of the Bankruptcy Act of 1898 provides that the confirmation of a composition shall discharge the bankrupt from his debts, with exceptions not material in this case. The confirmation works a discharge by operation of law. *In re Merriman,* No. 9479 Federal Cases. Therefore the defendant was discharged from his debt to the plaintiff. While such a discharge remains in force, it cannot be set aside or annulled by a State court. It is conclusive. *Corey* v. *Ripley,* 57 Maine, 69; *Symonds* v. *Barnes,* 59 Maine, 191; *Bailey* v. *Corruthers,* 71 Maine, 172. It must be attacked for fraud in the court of bankruptcy, if anywhere. Collier on Bankruptcy, 7th Ed. 242. The authority of Congress is paramount over the subject of bankruptcy. It may make such laws and provide such remedies as it sees fit. It may limit the time within which such remedies must be sought, and it may prescribe the remedial procedure. It may determine the effect of a discharge, and how and when it may be attacked for fraud. The federal jurisdiction is exclusive. Neither the State legislature nor the State court has any

jurisdiction over these matters. If this court were to attempt to grant the relief sought, it could only be done by disregarding the defendant's discharge, and that the court has no right to do so.

The plaintiff's brief calls our attention to the declaration of a text writer on bankruptcy to the effect that "the order confirming a composition is not a bar to a suit to collect the debt when the composition was procured by fraud. The reason for this rule is that fraud vitiates the whole composition and leaves the debtor and the bankrupt in the same position that they were in before the composition was attempted." If this be so, then every composition and every discharge in bankruptcy is open to attack in the State courts, on the ground of fraudulent procurement, a doctrine which is opposed to sound reason and all authority. But the cases cited by the learned writer do not support the text. One is *Brownville Mfg. Co.* v. *Lockwood*, 11 Fed. Rep. 705. This was the case of a composition at common law, and not in bankruptcy, and of course has no proper application in this case. Another was *Pupke* v. *Churchill*, 91 Mo. 81. This was a case where a debtor failed to carry out a composition agreement after it had been accepted and confirmed, which has no bearing on this case. And the third was *Ex parte Halford*, 19 L. R. Eq. 436. This was an English case. It is evident that the jurisdiction of English courts in bankruptcy matters can in no sense be a precedent in this country, where the jurisdiction of the Federal court and the want of jurisdiction of the State court are the result of constitutional limitations. We have not been able to find any authority which sustains the contention of the plaintiff.

The Bankruptcy Act itself provided a remedy for the kind of a fraud of which the plaintiff now complains. Under section 13, a composition may be set aside for fraud in its procurement. And that this includes the fraudulent omission of property from the schedules has been held in *In re Ronkeus*, 128 Fed. Rep. 645, and *In re Wrisley Co.*, 133 Fed. Rep. 388. It is true as the plaintiff says, that application for the setting aside of a composition must be made within six months after the confirmation, and that she did not discover the fraud in season to take advantage of the statute.

*In re Jersey Island Packing Co.*, 152 Fed. Rep. 839. But that does not change the statute. As we have said, Congress had paramount authority to grant such remedies as it saw fit, and to prescribe a statute of limitation within which, and not beyond, wronged parties might avail themselves of them. The remedy provided by Congress is exclusive.

The defendant obtained a discharge in bankruptcy. It has never been revoked nor set aside. So long as the order confirming the composition stands, it must have the effect of a discharge. Collier on Bankruptcy, 7th Ed. 294. It is a complete bar to the plaintiff's claim, and to all remedies for its enforcement against the defendant or his property. Accordingly the plaintiff's bill was properly dismissed.

> *Exceptions overruled.*
> *Appeal dismissed with additional bill of costs*