# Moore Bros., *et al. v.* Cowan.

## *Assumpsit.*

(Decided June 16, 1911. 55 South. 903.)

1. *Bankruptcy; Forthcoming Bond; Action; Pleading.*—In an action against a surety on a forth coming bond, of an alleged bankrupt, pleas alleging that after the bankruptcy adjudication, a writ of error was duly sued out to review the same, but which failed to show whether or not, or when the decree was finally confirmed, or whether tne writ was still pending and undetermined, or whether it had been dismissed, were insufficient either as pleas in abatement or in bar, under the bankruptcy statute.

2. *Same; Jurisdiction; Adjudication.*—The Federal Court has exclusive jurisdiction to adjudge a person a bankrupt, and to appoint a receiver, and such appointment and adjudication, cannot be collaterally attacked in a suit on the forthcoming bond, executed by the bankrupt.

3. *Same; Forthcoming Bond; Estoppel.*—A defendant who is surety or a principal in a forthcoming bond in bankruptcy executed to two persons named therein as receivers in the above cause, are estopped from questioning the validity of the receiver's appointment.

4. *Same; Defenses.*—Where a certain bankrupt was so adjudged in involuntary proceedings against him, and executed a forthcoming bond, for the purpose of retaining his assets, and then sued out a writ of error to review the adjudication, it was no defense to a subsequent action on the bond that after its execution, the property was taken from the alleged bankrupts pursuant to a voluntary bankrupt proceeding instituted by him, it not being denied that the voluntary proceedings were instituted for the bankrupt's benefit, and it not being shown that the assets were returned to and accepted by the person to whom they were surrendered as receiver in the bankruptcy proceeding.

5. *Pleading; Abatement; Verification.*—Under section 5332, Code 1907. a plea alleging the suing out of a writ of error to review the action of the court in adjudging defendants' bankrupt, was demurrable when not verified.

6. *Same; Special Plea; General Issue.*—Where matters set up in a special plea are availible under the general issue, or are tantamount to a plea of the general issue, and the general issue is pleaded. it is not error to reversal to sustain demurrers to such plea.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by A. S. Cowan, as trustee in bankruptcy of the firm of Moore Bros., against the individuals compos-

ing such firm, and the American Bonding Company, for breach of a forthcoming bond. Judgment for plaintiff, and defendants appeal. Affirmed.

The complaint alleged breach of a bond made by Moore Bros. in a proceeding in bankruptcy wherein it was sought to have the firm adjudged a bankrupt, and an order issued to the receiver to take possession of their property, under which the property was released to said Moore Bros. on the condition that, if the firm was adjudged bankrupt, they should turn such property over, or pay the value thereof in money to the trustee. The complaint alleges a demand for the property, the failure to deliver or to pay the value thereof, and the fact that Moore Bros. have been declared bankrupts.

The following are the pleas referred to:

"(1) Respondents say that this court ought not to maintain jurisdiction of this suit for this reason: That since the adjudication of H. C. Moore and Moore Bros. as bankrupts a writ of error has been sued out in said proceeding to the Circuit Court of Appeals of the United States for the Fifth Circuit, which said writ of error has been duly allowed, and upon said writ of error the said District Court has ordered the bond for a supersedeas of said decree of adjudication to be fixed at $6,500, and said bond has been filed in said cause and approved by the court or judge thereof and such supersedeas issued. The said writ of error was issued on the 21st day of November, 1908,, and filed in said cause on said date, and the said supersedeas bond was executed on the 28th day of Dacember, 1908, and approved and supersedeas issued thereon on said date. And these respondents aver that said decree of adjudication has been superseded by writ of error, and they pray that the suit may abate and be dismissed, at the cost of the plaintiff herein.

[Moore Bros., et al. v. Cowan.]

"(2) Come the defendants in this cause and specially appearing for the purpose of filing and presenting this plea and for answer to the complaint on said special appearance, they say that since the adjudication of the said H. C. Moore, T. A. Moore, and Moore Bros., bankrupts, a writ of error has been sued out on, to wit, the 21st day of November, 1908, and said proceedings sent to the Circuit Court of Appeals of the United States for the Fifth Circuit, which said writ of error was duly allowed and filed, and the cause of H. C. Moore and T. A. Moore and Moore Bros., in bankruptcy, is pending in the said Circuit Court of Appeals. That on, to wit, the 28th day of September, 1908, on the order of Hon. Oscar R. Hundley, judge of said court, a supersedeas bond was executed by said defendants in bankruptcy in said cause pending in said court, in the sum of $6,500, which said bond was duly filed in said cause in the District Court of the United States for the Northern District of Alabama, and was approved by the clerk, and a supersedeas issued in said cause of bankruptcy, and the said adjudication in bankruptcy has been superseded and suspended since the execution of said bond. The defendants aver that the Circuit Court of Appeals of the United States for the Fifth Circuit has assumed jurisdiction of said cause, and that the same is now pending therein. And the defendants aver that for the reasons set out in the foregoing plea this court ought not to maintain jurisdiction of this cause, but that the same should be evaded for the causes assigned." This plea is verified.

Plea 3 sets up the same state of facts, and on them alleges that the adjudication was suspended and superseded from the filing and allowance of said writ of error until the judgment of affirmance by the Circuit Court of Appeals, and, pending said appeal and the jurisdic-

tion of the Circuit Court of Appeals, this cause was prematurely filed. This plea is not sworn to.

The complaint was afterwards amended so as to show the entire proceeding in the bankrupt court from the beginning thereof, and including the filing of the supersedeas bond referred to.

Plea A is as follows: "Plaintiff ought not to have and recover, for that, after the making of the bond sued on, the principal obligors therein returned the assets reclaimed by the making of said bond to the said A. S. Cowan, as receiver of the assets of T. A. Moore and A. C. Moore and Moore Bros., bankrupts, and said Cowan accepted the same." The above plea was filed by the American Bonding Company alone.

Plea Y is as follows: "Plaintiff ought not to have and recover, for that the said Cowan and Shelfer were never lawfully named as receivers of the estate of said Moore Bros., bankrupts, nor were they, as receivers, ever lawfully authorized or empowered to seize the assets of Moore Bros., or any part thereof. At a time prior to the making of the forthcoming bond sued upon said Cowan and Shelfer had wrongfully possessed themselves of certain merchandise belonging to said Moore Bros. At the time of said seizure they pretended to act as such receivers, under what purported to be an order of appointment signed by one Alex C. Burch, the referee in bankruptcy at Birmingham, and had no authority or power to make such seizure emanating from any such court or officer, having jurisdiction to appoint a receiver. Said Burch at the time of making said order had no jurisdiction to make the same, for that the proceedings in the course of which said alleged order was made were begun upon to wit, December 20, 1906, by certain creditors of Moore Bros. filing against them an involuntary petition in bankruptcy in the United States

District Court for the Southern Division of the Northern District of Alabama. Upon the same day upon which said petition was filed, and in the absence of any reference of said bankruptcy proceedings to him, the said Burch assumed to exercise jurisdiction to appoint receivers of the assets of said Moore Bros. In such unwarranted assumption of authority he signed a certain paper or papers, wherein he designated himself as referee, which purported to be an order or orders appointing said Cowan and Shelfer receivers of the assets of said Moore Bros. This alleged order of appointment was made wholly without notice to said Moore Bros., and directed or attempted to direct the said Cowan and Shelfer to take into their custody as receivers all property of every kind belonging to Moore Bros., or in their possession. Acting in pretended compliance of such order of appointment said so-called receivers by open trespass made seizures of certain merchandise belonging to Moore Bros., and were holding the same in their possession, claiming to be the receiver thereof under appointment from the court of bankruptcy. In order to save said Moore Bros. from the hardship of this tort, and under the duress of said trespass, the said bond sued on was executed, and upon its execution said assets were released by said so-called receivers to Moore Bros., and were thereby reclaimed, not from the custody of the court, but from the illegal graft of tortfeasors."

Plea B was filed by the American Bonding Company alone, and is as follows: "Comes the American Bonding Company, and for a special and separate plea says: That the assets for the reclamation (or withholding) of which the bond sued on is made were, after the making of said bond and before the bringing of this suit, taken from the possession of the principal obligors in said bond, under an order of the United States District

Court for the Southern Division of the Northern District of Alabama, whereby the said A. S. Cowan was appointed receiver of the very assets reclaimed (or withheld) by the said T. A. and H. C. Moore, under the bond sued upon in a proceeding in voluntary bankruptcy, wherein the said T. A. and H. C. Moore were adjudged bankrupts, and as such receiver said Cowan was expressly directed to take possession of said assets. Said Cowan, acting under said order and appointment, did take said assets into his possession, and said order and appointment were lawfully made by said court in the exercise of its lawful jurisdiction in that behalf. The cerditors represented by said Cowan in his appointment in the voluntary proceedings were the same represented by the plaintiff's receivers, and the said Cowan was so appointed the receiver at the instance of and upon the petition of one of said creditors, i. e., the American Skirt Company, and the appointment of said receiver and said taking possession of said property was without the knowledge consent, or procurement of this defendant."

Grounds of demurrer to plea B, numbered 2 and 4, are as follows: (2) "Because it is not denied in said plea that the voluntary proceedings were instituted for the benefit of the principal obligors in the bond sued on." (4) "Because it is not alleged in said plea that the said Moore Bros., or T. A. and H. C. Moore, did not permit said voluntary petition to be filed." Ground 4 of plaintiff's demurrer to plea A is as follows: "For that it is not alleged or shown that said assets were returned to and accepted by A. S. Cowan as receiver in the bankruptcy proceedings, in which said bond was given."

FRANK S. WHITE & SONS, for appellant. The court erred in sustaining demurrers to defendant's plea in

abatement.—Subsection 2 of section 1, Bankruptcy Act; Brandeburg on Bankruptcy, 13; *In re Lee,* 171 Fed. 266. The court erred in sustaining demurrers to plea Y.— Section 22-a Bankruptcy Act; Brandenburg on Bankruptcy, 560. Counsel discuss other assignments of error, but without further citation of authority.

TOMLINSON & McCULLOUGH, ESTES, JONES & WELCH, and TROTTER & ODELL, for appelle. There was no error in permitting the complaint to be amended.—*Cowan v. Campbell,* 31 South. 429; *Kaul v. Henderson,* 28 South. 531; *Leonard v. Starrs,* 31 Ala. 488; *Babcock v. Carter,* 117 Ala. 575; Section 2489, Code 1907. The referee had the right to make the appointment.—22 Enc. P. & P. 361; 184 U. S. 13; 102 Fed. 749; *McAfee v. Arnold,,* 155 Ala. 565. The plea should have been verified.—Section 5332, Code 1907. In order to exonerate them, the property must have been taken by the act of the obligee in the bond, a valid judicial proceeding, or the act of God. —*Bolling v. Vandiver,* 91 Ala. 379; *Watson v. Simmons,* 91 Ala. 568; *In re Diver,* 112 Fed. 777. Counsel discuss other assignments of error, but without further citation of authority.

ANDERSON, J.—The gravamen of plaintiff's complaint, was for the breach of a bond, in that Moore Bros. had been duly adjudged bankrupts before the commencement of the suit and had failed to restore the property reclaimed under the bond or to pay for same. Pleas 1 and 2, both before and after amendment, did not present any facts to abate the suit, because prematurely brought, nor did the facts therein set up a subsequent defense that should abate the action or that would bar a recovery, and, at most, merely set up suggestions that should suspend the action during the pendency of the

appeal and until a final determination thereof.  Neither of them set up a suspension of the adjudication in bankruptcy before the suit was brought, or whether or not, or when the decree was *finally* confirmed, and, for aught that appears, the appeal may have been subsequently dismissed, and there may have been no final confirmation, on appeal, of the adjudication of bankruptcy, and in which event it would date from the original rendition of same, October 8, 1908.  Neither of these pleas deny that the decree in bankruptcy did not exist when the suit was brought, nor do they aver that said decree had been suspended before the suit was brought, as plea 2 specifically avers that "said adjudication in bankruptcy has been superseded and suspended since the execution of said bond." It avers that the bond was executed on December 28, 1908, and which was subsequent to the bringing of the suit. It is evident that the pleader did not wish to deny that the order of adjudication was made, as averred in the complaint, but wished to set up facts to the effect that it became binding and effective at a subsequent date, because the decree had been appealed from and the adjudication was not of the date as averred in the complaint, but was subsequent to the bringing of the suit.  This brings us to a consideration of subdivision 2 of section 1 of the bankruptcy act of 1898, and which reads as follows: "Adjudication shall mean the date of the entry of a decree that the defendant, in a bankruptcy proceeding, is a bankrupt, or if such decree is appealed from, then the date when such decree is finally confirmed." We take this to mean, that if there is no appeal from the decree adjudicating the defendant a bankrupt, it dates from the rendition of same, and if there is an appeal, and it is *finally confirmed,* the adjudication shall date from the confirmation.  We do not think that the mere taking of an ap-

peal and the dismissal of same either by the appellant or the appellate court is a final confirmation so as to change the date of the adjudication from the time it is made to the dismissal of the appeal. The statute is too plain in the use of the words "finally confirmed," and the dismissal of the appeal is in no sense a final confirmation of the appeal.—*Ashly v. Brasil*, 1 Ark. 149. The pleas (1 and 2) only set up an appeal, and the pendency of same, and which fact should only suspend the trial until after the termination of said appeal. They do not aver that the adjudication had been confirmed or annulled, and until that was done the decree of adjudication would stand of the date of the rendition thereof. This would certainly be the result if the appeal was dismissed and the pleas do not show, with any degree of certainty, that the date of the original adjudication was or would be changed. We are aware of the fact that this statute received a different interpretation by McPherson, District Judge, in the case of *Re Lee* (D. C.) 171 Fed. 266, wherein it was held that an appeal not only suspended the original decree of adjudication, but changed the date from the rendition thereof to the time of the dismissal of the appeal, thus, in effect, holding that the dismissal of an appeal was a final confirmation of the decree from which the appeal was taken. We think this construction illogical and in the teeth of the statute, and prefer following the well-considered Arkansas case, supra. We do not question the correctness of the result in the *Lee Case, supra*, and think the claims were presented in time, but justify this upon the idea that the time between taking the appeal and the dismissal of same should have been deducted.—*Braun v. Sauerwein*, 10 Wall. 218, 19 L. Ed. 895. The trial court did not err in sustaining the demurrers to pleas 1 and 2.

Plea 3 was not verified, and was subject to the demurrer upon this ground, and which was properly sustained.
—Section 5332 of the Code of 1907.

There was no merit in plea Y. The federal court has exclusive jurisdiction to adjudge a person a bankrupt and to appoint a receiver, and if.the order was irregular, improvident, or unauthorized, it should be corrected or questioned in that forum and not in the state courts upon collateral attack.—*Turner v. Hudson,* 105 Me. 476, 75 Atl. 45; 18 Am. & Eng. Ann. Cas. 600, and many cases cited in note, among which will be found the cases of *Oates v. Farrish,* 47 Ala. 157, and *Jones v. Knox,* 51 Ala. 367. Moreover, the bond which was made a part · of the complaint was signed by the defendants and made to Shelfer and Cowan, "the receivers in the above cause." Having made the bond to them as receivers, defendants were estopped from questioning their appointment as such.

In the case of *Watson v. Simmons,* 91 Ala. 567, 8 South. 347, it was held, in discussing when. sureties on a forthcoming bond would be released, that if the property is taken from them under a paramount title or lien, or under valid judicial proceedings, this excuses them from the delivery of the property and · discharges the obligation of the bond, so far as to render invalid a return of forfeiture by the returning officer. The law will not punish the failure to do that which itself has rendered impossible to be performed. The court intimates very strongly, however, that if the second seizure was caused through the collusion or fraud of the principal obligor in the forthcoming bond, that the second seizure though under legal proceedings could not operate to discharge the sureties. While this is but an intimation by the court, it is but a wise and salutary doctrine, for the sureties undertake to answer for the prin-

cipal obligor, and it would be unwise and unwholesome to hold that they would be released by the action of the principal obligor notwithstanding he took second legal steps to put the property beyond his control. The very purpose of the bond was to guarantee the conduct and custody of the property of and in the principal, and it would be a legal monstrosity to hold that he could make a voluntary disposition of the property so as to release the sureties and defeat the obligees in the bond, and conditions cannot be helped because he resorted to legal proceedings as a means of accomplishing such a feat.

Plea B shows that the property was seized under second bankruptcy proceedings instituted by the voluntary action of the Moores, after the execution of the forthcoming bond, and a seizure of the property, under proceedings instituted by them, could not operate to discharge the bond company, whether instituted with or without the knowledge of said company. Plea B, if not otherwise bad, was subject to grounds 2 and 4 of the plaintiff's demurrer.

Plea A fails to aver that the property was turned over to or accepted by Cowan as receiver in the bankruptcy proceedings in which said bond was given and was subject to ground 4 of plaintiff's demurrer. On the other hand, if it sufficiently set up the capacity in which Cowan received and accepted the property, it was but a denial of the breach set up in the complaint and could have been shown on the general issue. All special pleas were eliminated and the judgment entry recites that, issue being joined, etc., we must, therefore, assume that the issue referred to was the general issue.

The judgment of the city court is affirmed.

Affirmed.

SIMPSON, MCCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.