## In re MALKAN.

(District Court, S. D. New York. April 13, 1920.)

1. **Bankruptcy ⬳328—Order extending time for filing claims within power of court.**

   Where an adjudication was vacated and the proceedings dismissed, but the order of vacation was reversed on appeal, and pursuant to mandate the adjudication and proceedings were reinstated, the court *held* to have power to allow a year thereafter for filing claims.

2. **Bankruptcy ⬳328—Bankruptcy creditor estopped by delay to attack order extending time to file claims.**

   A creditor of a bankrupt *held* estopped to attack the validity of an order fixing the time for filing claims, where he delayed such attack until the expiration of the year from the original adjudication, and the setting aside of the order would leave other creditors, who relied on it, without right to share in the estate, giving him an inequitable preference.

In Bankruptcy. In the matter of Henry Malkan, bankrupt. On motion to vacate an order allowing creditors to file claims within one year from November 29, 1919. Denied.

On December 24, 1918, an involuntary petition in bankruptcy was filed against Henry Malkan, and on January 7, 1919, said Malkan was adjudicated a bankrupt. Thereafter, upon the written consent of the majority of creditors, and after due notice to all other creditors, an application was made for an order vacating the adjudication and the order appointing the receiver and dismissing the petition in bankruptcy. Only one creditor (Boorum & Peace Company) made objection, and an order was granted April 3, 1919, vacating the adjudication and dismissing the bankruptcy proceedings.

Upon appeal to the Circuit Court of Appeals (261 Fed. 894, —— C. C. A. ——) the order of April 3, 1919, was vacated, and on November 29, 1919, an order was filed in the District Court, pursuant to the mandate of the Circuit Court of Appeals vacating the order of April 3, 1919, and reinstating the receiver, and reinstating the order of the appointment of the receiver, and reinstating the order of adjudication in bankruptcy of January 7, 1919. On December 24, 1919, the District Court granted an order allowing creditors to file their claims within a period of one year from November 29, 1919.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This is a motion by the creditor to vacate the said order of December 24, 1919, upon the ground "that the said order was improvidently granted, and that the court was without power and jurisdiction to grant the relief purporting to be granted by the said order, and for such other and further relief as may be just and proper in the premises."

Hastings & Gleason, of New York City (Albert H. Gleason, of New York City, of counsel), for the motion.

Zalkin & Cohen, of New York City (Harry Zalkin, of New York City, of counsel), for receiver.

MAYER, District Judge (after stating the facts as above). [1] Briefly stated, the point is this: That the year provided under section 57n of the Bankruptcy Act (Comp. St. § 9641) expired before the order sought to be vacated was made, and hence the court was without power to make the order. Section 57n reads as follows:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, and then within sixty days after the rendition of such judgment. * * *"

Subdivision 2 of section 1 (Comp. St. § 9585) reads as follows:

" 'Adjudication' shall mean the date of the entry of a decree that the defendant, in a bankruptcy proceeding, is a bankrupt, or, if such decree is appealed from, then the date when such decree is finally confirmed."

The meaning of the word "confirmed," as distinguished from "affirmed," is discussed in Black on Bankruptcy, p. 1129; Re Lee (D. C.) 171 Fed. 266.

In the case at bar the decree of adjudication was not directly appealed, but a proceeding was had which in every practical sense was equivalent to an appeal. By virtue of the order made April 3, 1919, the adjudication was vacated. From April 3, 1919, to November 29, 1919, there was no officer with whom a creditor could file his claim. See General Orders XX and XXI; J. B. Orcutt Co. v. Green, 204 U. S. 96, 27 Sup. Ct. 195, 51 L. Ed. 390. See, also, Collier on Bankruptcy, p. 818 et seq. There was neither a referee, a receiver, nor a trustee; thus there was a period of nearly eight months when all proceedings in bankruptcy and the consequent administration of this estate were not "suspended," but were in an absolutely blank state. There was nothing before the District Court, not an estate, not a referee, not a receiver, not a trustee, not a creditor—indeed, nothing.

Section 57n was enacted for purely administrative purposes, to the end that estates should be promptly administered; but it contemplated that creditors should have a full year within which to file their claims. If the mandate of the Circuit Court of Appeals had not come down until after January 7, 1920, we might have had the situation of no claims whatever having been filed, in which event, if the moving creditor herein is right, the bankrupt would have escaped without his estate being subject to the payment of any of his debts—reductio ad absurdum. Here, if the motion is granted, this creditor may receive 100 cents on the dollar, and laymen creditors, relying on the court pro-

ceedings, will be barred from participating in the dividends on claims. No such result will be tolerated, if it can possibly be avoided.

Applying the fundamental principle of gathering the intent of a statute, when all its relevant provisions are read, I am satisfied that the year, under section 57n, will not expire until a year from November 29, 1919. If the situation is one of casus omissus, then surely a court of bankruptcy (which in many respects is a court of equity) will hold that the year began November 29, 1919, or, in any event, that the time from April 3, 1919, to November 29, 1919, should be deducted. From April 3, 1919, until November 29, 1919, was 241 days; 241 days after January 7, 1920 (as I figure it), will be September 4, 1920. By way of extra caution it would be well to notify creditors that they must file their claims by that date.

[2] There is another point, not raised by counsel, which may be worth considering. This creditor stood idly by until March 31, 1920 (the date of his motion papers), long after January 7, 1920. He thereby lulled the receiver and the creditors into reliance upon the order of December 24, 1919. Had he moved seasonably, the claims could have been filed before January 7, 1920. He should now be estopped, and not allowed to advance the contention that the order was void. I am fully aware of the proposition that a void order cannot be made valid, however hard the circumstances; but, if no one attacks the order, it will stand. I conclude, therefore, as an additional ground, that the creditor, because of his delay beyond January 7, 1920, will not be heard to attack the order. On the other hand, it may be said that the order of December 24, 1919, was superfluous. If by operation of law the time will not expire until a year from November 29, 1919, or, in any event, until September 4, 1920, an order extending the time is not necessary. If, by operation of law, the time expired January 7, 1920, the order cannot extend it. In order, however, to allow the question to be reviewed promptly, if desired, the order will stand.

Motion denied.

I have not discussed the question as to the validity of filing claims with a receiver, because not here for consideration; but it may be observed, in passing, that such filing has, I think, been held good in this district.