## LICKLIDER v. BROWN.

(Circuit Court of Appeals, Fourth Circuit.
April 14, 1926.)

No. 2454.

Bankruptcy $\Longleftrightarrow$410—Petition for discharge in
bankruptcy, filed within 19 months after final
confirmation of order of adjudication by re-
viewing court, held timely; "adjudication"
(Bankruptcy Act. § 1, subd. 2, and section
14a [Comp. St. §§ 9585, 9598]).

Bankruptcy Act, § 14a (Comp. St. § 9598),
requiring petition for discharge to be presented
within 19 months subsequent to date of "ad-
judication," must be read in connection with
section 1, subd. 2 (Comp. St. § 9585), defining
"adjudication," when appeal is taken, as date
when decree is finally confirmed, and hence
petition for discharge, filed within 19 months
after affirmance of order dismissing petition to
vacate adjudication, was timely.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Adjudi-
cate—Adjudication.]

Appeal from the District Court of the
United States for the Northern District of
West Virginia, at Martinsburg; William E.
Baker, Judge.

In the matter of H. T. Licklider, bank-
rupt. From a decree denying the petition
for discharge, opposed by Forest A. Brown,
trustee, H. T. Licklider, bankrupt, appeals.
Reversed.

George M. Beltzhoover, Jr., of West
Palm Beach, Fla., for appellant.

Before WADDILL and PARKER, Cir-
cuit Judges.

WADDILL, Circuit Judge. This is an
appeal from a decree of the United States
District Court for the Northern District of
West Virginia, of the 17th of September,
1925, denying to the petitioner the right to
file a petition for discharge in bankruptcy,
for the reason that the application was not
made in time. The facts in the case are com-
paratively simple:

On the 5th of January, 1923, the peti-
tioner, Licklider, was duly adjudged a bank-
rupt. On the 18th of January, 1923, Swift
& Co., Inc., a creditor of the bankrupt, filed
its petition in said court, praying that the
adjudication be vacated, that the petition in
bankruptcy be dismissed, and that the bank-
ruptcy proceeding be held in abeyance until
the question of the jurisdiction of the court
to grant the same was finally determined.
On said 18th of January, 1923, the ques-
tions arising upon the petition to vacate the
adjudication and respondent's motion to dis-
miss the same were referred to the referee,

with instructions to ascertain and report up-
on the facts in the case. The referee made
his report to the court, and on February 12,
1925, an order was entered dismissing the pe-
tition of Swift & Co. Swift & Co. thereup-
on, on February 26, 1925, filed its petition in
this court, the Circuit Court of Appeals for
the Fourth Circuit, to superintend and revise
the action of the District Court in dismissing
its petition, and to reverse the same. The
appeal was duly heard, and on the 15th of
June, 1925, this court affirmed the order of
dismissal of the petition asking for the va-
cating of the bankrupt's adjudication. On
the 5th of September, 1925, the petition of
appellant, asking that his discharge be grant-
ed him, was filed, and on the 17th of Septem-
ber, 1925, the District Court declined to al-
low the petition to be filed, because the same
was not presented within 18 months from
the date of the original adjudication in bank-
ruptcy. It is from this order that the appeal
under consideration was taken.

The District Court filed an opinion, not
published, supporting its decree, from which
it will appear that the judge's view of the
law was that under the Bankruptcy Act of
1898 (section 14a [Comp. St. § 9598]),
which is as follows:

"Any person may, after the expiration of
one month and within the next twelve months
subsequent to being adjudged a bankrupt,
file an application for a discharge in the
court of bankruptcy in which the proceedings
are pending; if it shall be made to appear
to the judge that the bankrupt was unavoid-
ably prevented from filing it within such
time, it may be filed within but not after the
expiration of the next six months,"
—the petition came too late, that the right to
a discharge after 18 months was jurisdiction-
al, and that the court, after that period, was
without authority to entertain the petition
therefor, or to grant the same, because peti-
tion was not presented within the period pre-
scribed by the statute. This conclusion was
undoubtedly correct, having regard to an or-
dinary bankruptcy case. The petition for a
discharge must be presented at least within
19 months subsequent to the date of the
bankrupt's adjudication, and after that the
court is not authorized to entertain the same.
This provision of the Bankruptcy Act, how-
ever, must be read in the light of section 1,
subdivision 2, of the Act of 1898, and of the
correct interpretation to be placed upon the
word "adjudication," as used in said section.
Section 1, subdivision 2, is plain and unam-
biguous: "'Adjudication' shall mean the
date of the entry of a decree that the defend-

ant, in a bankruptcy proceeding, is a bankrupt, or if such decree is appealed from, then the date when such decree is finally confirmed." Bankruptcy Act, § 1, subd. 2 (Comp. St. § 9585); Collier on Bankruptcy (13th Ed.) § 1, p. 1; Black on Bankruptcy (4th Ed.) § 589.

The petition for discharge, the subject of this appeal, was manifestly not filed within the time prescribed, tested by the date of the original adjudication appealed from, but in ample time after the final confirmation of the order of adjudication by this court upon such appeal. Upon the action thus taken by this court on the 15th of June, 1925, and only thereby, was the right of the appellant herein to his discharge in bankruptcy finally adjudicated, and his right to file his application for discharge should be determined as of that date. Collier on Bankruptcy (13th Ed.) § 1, pp. 1, 14, 15; Black on Bankruptcy (4th Ed.) §§ 589, 1114; In re Lee (D. C. Pa.) 171 F. 266 22 Am. Bankr. R. 820; In re Malkan (D. C.) 265 F. 867, 45 Am. Bankr. R. 86; Moore Bros. v. Cowan, 173 Ala. 536, 55 So. 903, 26 Am. Bankr. R. 902, 907.

The statutes in question, when the two provisions recited are read together, make entirely plain the right of the appellant to file his petition for a discharge. The two federal cases given sustain the view we have taken. The first-named cases, In re Lee, supra, and In re Malkan, supra, it is true, relate to the time within which a claim against a bankrupt's estate should be filed; but the court solved that question in the light of the time the bankrupt's discharge became final, and supported its finding, allowing the filing of the claims, with the reason that we have given. In the case of Moore Bros. v. Cowan, supra, an Alabama decision, although it turned upon the effect of the dismissal of the appeal in the instant case, the court expressly passes upon the meaning of the section under consideration, as follows:

"This brings us to a consideration of subdivision 2 of section 1 of the Bankruptcy Act of 1898, and which reads as follows: [Quoting provision defining adjudication given above.] We take this to mean that, if there is no appeal from the decree adjudicating the defendant a bankrupt, it dates from the rendition of same, and if there is an appeal, and it is *finally confirmed*, the adjudication shall date from the confirmation.
\* \* \* \* "

The decree of the District Court will be reversed, with costs to the appellant.

Reversed.